**Salem**

RUSSELL (CORRINE) LOUNGEWEAR, et al.

v.

ESTHER GRAY

No. 0636-85

Decided March 18, 1986

COUNSEL

John E. Kieffer (Woodward, Miles and Flannagan, P.C., on brief), for appellant.

Larry Grant Browning (Browning, Morefield, and Schelin, P.C., on brief), for appellee.

OPINION

MOON, J.—The principle issue on this appeal by Russell (Corrine) Loungewear (employer) is whether Esther Gray, a sewing machine operator who sustained an acute back strain on the job, proved that she sustained an injury by accident arising from her employment. We affirm because there was credible evidence from which the Commission could have found that she proved a sudden, precipitous event on the job to which the back strain could be attributed.

In order to show that she had sustained an " 'injury by accident' arising out of ordinary exertion, a claimant must prove an

'identifiable incident that occurs at some reasonably definite time,' which is the cause of 'an obvious sudden mechanical or structural change in the body.'" *Lane Co. v. Saunders,* 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985) (quoting *Virginia Electric & Power Co. v. Cogbill,* 223 Va. 354, 356, 288 S.E.2d 485, 486 (1982)).

Each day Mrs. Gray's supervisor would set several small boxes in the aisle near Mrs. Gray's work table. The boxes, containing pieces to be sewed, weighed approximately five pounds each and were from two to three feet in length. In order to get the work from the boxes, Mrs. Gray had to stand, walk four to seven steps, bend and pick up a box, and return to her work station. She had picked up two boxes and completed the work from each. She testified: "When I went to pick up the third box, I got it about halfway up. That's when it felt like somebody had stabbed me in the back." She stated that she dropped the box when she felt the pain. She immediately called to a fellow employee, Joanne Musick, asking her to call the supervisor. Mrs. Gray was taken to the aid station and then to the hospital. Subsequently, it was determined that she had an acute lumbar strain, which the employer does not dispute.

█ The Commission's findings of fact are conclusive and binding on this court if supported by credible evidence. *Goodyear Tire & Rubber Co. v. Watson,* 219 Va. 830, 833, 252 S.E.2d 310, 312 (1979); Code § 65.1-98.

Loungewear contends that the Commission should not have believed Mrs. Gray's testimony and, thus, argues that the Commission's findings of fact are not supported by credible evidence. It is true that other witnesses disputed Mrs. Gray's account of what actually took place. Joanne Musick, who was seated behind her and to whom Mrs. Gray called for help, testified that Mrs. Gray merely stood at her table and began complaining that she was experiencing back pain. She said that there were no boxes nearby for Mrs. Gray to have lifted. Other witnesses tended to corroborate Mrs. Musick, testifying that no accident happened in the manner described by Mrs. Gray.

█ Also, Mrs. Gray denied any recent back trouble even though she had been hospitalized for back problems nine days before this injury. Nevertheless, the Commission noted that the deputy commissioner had seen and observed the witnesses and was

in a good position to weigh their credibility. The Commission accepted Mrs. Gray's testimony that the pain began when she picked up a box. The testimony of one witness whom the jury (or the Industrial Commission) believes may provide the preponderance of the evidence necessary for the claimant to prevail. *See Smyth Brothers-McCleary-McClellan Co.* v. *Beresford*, 128 Va. 137, 157-58, 104 S.E. 371, 377-78 (1920). It was the Commission's duty to weigh the evidence and determine the credibility of the witnesses. Here, the Commission believed Mrs. Gray and we must uphold that decision, even though a strong argument is made that the other witnesses were more credible.

Next, Loungewear argues that Mrs. Gray had back trouble prior to the onset of pain on February 20, 1984, and that, at most, her injury was merely an aggravation of a pre-existing condition caused by routine exertion related to the job; thus, Loungewear argues that her injury would not be compensable. Loungewear points out that the movement of the boxes was something that Mrs. Gray did on a daily basis without undue exertion and something she had done several times that morning without injury. Furthermore, Loungewear argues, that Mrs. Gray had a prior history of back trouble. In addition to the evidence of the hospitalization for back trouble nine days before the job-related accident, Mrs. Gray had been treated for back injuries in 1972 and 1979.

Loungewear relies upon *Rust Engineering Co.* v. *Ramsey*, 194 Va. 975, 76 S.E.2d 195 (1953), which states:

Mere exertion, which is not greater than that ordinarily incident to employment but which combines with pre-existing disease to produce disability is not compensable as an "accidental injury."

*Id.* at 980, 76 S.E.2d at 198 (citing *Roccaforte* v. *State Furniture Co.*, 142 Neb. 768, __, 7 N.W.2d 656, 659 (1943)).

In *Virginia Electric & Power Co.* v. *Quann*, 197 Va. 9, 87 S.E.2d 624 (1955), the Supreme Court explained its decision in *Rust Engineering Co.*: "We held, or intended to hold in that case that even though claimant's disability occurred in the course of his employment he was not entitled to compensation unless he went a step further and proved that the disability was a result of the hazard of employment." *Id.* at 14, 87 S.E.2d at 627.

■ The court went on specifically to point out that *Rust Engineering Co.* did not overrule the court's earlier cases concerning the phrase "injury by accident" and quoted with approval from its earlier decisions:

> An accident may be said to arise out of and in the course of the employment if the exertion producing the accident is too great for the man undertaking the work, even though the degree of the exertion is usual and ordinary and "the workman had some predisposing physical weakness." . . . "The question is not whether it would affect the ordinary man, but whether it affected the [employee]."

*Quann*, 197 Va. at 13-14, 87 S.E.2d at 627 (quoting *Derby* v. *Swift & Co.*, 188 Va. 336, 341, 343, 49 S.E.2d 417, 420 (1948)).

Also, the quoted statement from *Rust Engineering Co.* must be considered in the context of its facts. The employee in *Rust Engineering Co.* suffered from hypertension. On the day of the alleged accident he was unable to weld and became pale before lifting a steel beam. His foreman told him to lie down and rest. The employee stayed on the job and later allegedly lifted the steel beam with the help of several others. He claimed that the weight of the beam shifted onto him when one of his co-workers slipped. He stated that he later felt bad and that his right arm hurt. He saw a physician during the day and was later advised by his foreman "to go home and get straightened out." Nevertheless, he returned to work the next day and said that he felt fine. *Rust Engineering Co.*, 194 Va. at 979-81, 76 S.E.2d at 197-98. Three days later a doctor diagnosed that he was suffering from a cerebral hemorrhage. *Id.* at 976, 76 S.E.2d at 196. The medical evidence did not prove that a hazard of the employment caused his condition. His physicians merely stated that his hemorrhage could have been caused by a hazard of his employment but they also stated that it was just as probable that other nonwork related events could have caused it. *Id.* at 979, 76 S.E.2d at 198. Thus, in *Rust Engineering Co.*, the evidence showed not only that the employee suffered from a pre-existing condition that could have caused his injury but also that no industrial accident occurred. *Id.* at 978, 76 S.E.2d at 197-98.

■ While *Rust Engineering Co.* has never been overruled and, thus, is still controlling on its facts, it should not be misconstrued

to mean that an employee predisposed to injury, even from ordinary exertion on his job, may not recover. The Supreme Court of Virginia recently stated:

When an injury sustained in an industrial accident accelerates or aggravates a preexisting condition, death or disability resulting therefrom is compensable under the Workers' Compensation Act.

*Ohio Valley Construction Co. v. Jackson*, 230 Va. 56, 58, 334 S.E.2d 554, 555 (1985).

The Commission found that Mrs. Gray proved: (1) the occurrence of an identifiable incident (picking up the box); (2) at a reasonably definite time (when she dropped the box and called for help); and (3) an obvious sudden mechanical change in the body (an acute back strain). The fact that she may have been predisposed to back trouble does not bar her rights to compensation under the facts of this case.

◼ Finally, Loungewear argues that Mrs. Gray did not prove that one of her periods of disability after June 4, 1984, for which she was awarded compensation, was related to the February 20, 1984 accident. We cannot agree. Dr. Murray's report of July 9, 1984, states: "In reply to your letter of June 29, 1984 regarding . . . [Mrs. Gray], it is my opinion that Ms. Gray's present back condition is due to a new injury of February 20, 1984." The fact that contrary evidence may be in the record is of no consequence if there is credible evidence to support the Commission's findings. *See Baskerville v. Saunders Oil Co.*, 1 Va. App. 188, 191, 336 S.E.2d 512, 513 (1985); Code § 65.1-98.

The award of the Industrial Commission is, therefore, affirmed.

*Affirmed.*

Koontz, C.J., and Coleman, J., concurred.