**Richmond**

ROBERT JENNINGS, JR., et al.

v.

DIVISION OF CRIME VICTIMS' COMPENSATION
FUND

No. 0304-87

Decided February 16, 1988

COUNSEL

Julia Hunt Brasfield (J. Hunt Brasfield; Ashcraft & Gerel, on brief), for appellant.

Christopher D. Eib (Mary Sue Terry, Attorney General; Walter A. McFarlane, Deputy Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.** — Virda Jennings, whose husband was the victim of a bank robbery shooting, appeals the Industrial Commission's denial of her claim and her daughter's claim for an award under the Crime Victims' Compensation Act. The commission denied the award because Mrs. Jennings received payment from collateral sources in an amount that exceeded the statutory allowable maximum. For the reasons that follow, we affirm the decision in part, reverse in part and remand.

Robert Jennings, the deceased, was depositing his paycheck at his bank in Arlington, Virginia, when armed men entered to rob the bank. Mr. Jennings was shot and killed during that robbery, apparently as a result of trying to dissuade the robbers from using their guns. His widow, Virda Jennings, filed a claim for compensation on behalf of herself and her minor child, Nicole Jennings. She also filed for social security payments and in December 1985, Nicole Jennings began receiving $554 per month from the Social Security Commission. Virda Jennings received $20,000 in life insurance benefits. The director of the Crime Victims' Compensation Fund denied the claim on the ground that Virda Jennings had received the life insurance proceeds. Because that sum exceeded

the statutory maximum of $15,000, Mrs. Jennings could not receive an award. *See* Code § 19.2-368.12(C).

Mrs. Jennings appealed to the full commission, which affirmed the director's decision. Neither the director nor the commission specifically considered Nicole's entitlement, although her claim was made in the original claim letter. The record is not clear whether the director and commission treated both the claimants as one for purposes of reducing the award, or whether they were simply unaware of Nicole's claim.

Appellant's primary argument is that the commission misapplied the statute when it failed to determine that Nicole was an eligible claimant and to apportion the award before reducing it. Appellee argues that when one claimant receives from collateral sources more than the maximum allowable amount, Code § 19.2-368.12(C) precludes any award, regardless of whether any other claimants receive collateral funds or not. We hold that the insurance payments to Mrs. Jennings did not preclude an award to Nicole, but that the collateral payments to Nicole from social security would reduce her award.

In construing a statute, we look first to its plain language. The whole body of the act must be considered in applying each part. *National Maritime Union v. City of Norfolk*, 202 Va. 672, 682, 119 S.E.2d 307, 314 (1961). The Crime Victims' Compensation Act begins by detailing the legislative intent behind the statute. It next defines the terms used, explains the powers and duties of the commission, and then establishes the eligibility requirements. Code § 19.2-368.1 to .4. The following several sections discuss the procedure for filing claims, investigation and review. Code § 19.2-368.5 to .9. The statute next details when awards are to be made, § 19.2-368.10; how the amount of the award shall be determined, § 19.2-368.11; when awards shall be apportioned, § 19.2-368.12(B); and when awards shall be reduced, § 19.2-368.12(C).

The order of the statute follows a scheme which is significant and carries out the stated intentions of the legislature. The first section states in part, "[victims of crime] or their dependents may [because of the crime] suffer disability, incur financial hardships or become dependent upon public assistance. The General Assembly finds and determines that there is a need for govern-

mental financial assistance for such victims of crime." Code § 19.2-368.1. The provision for reducing the award indicates that the statute has a limited purpose to provide some assistance for those victims or dependents who have no other source of aid. The statute plainly does not intend that payment from a collateral source to a claimant who may have no legal obligation to provide assistance to other dependents of the crime victim will preclude an award to other claimants.

We therefore hold that the analysis the director and the commission should have applied is as follows: (1) determine eligibility; (2) determine whether the award is allowed; (3) determine the amount of the award; (4) apportion the award, if necessary; and (5) reduce the award to each claimant by the amount of payments received or to be received by that claimant from any collateral source as a result of the injury.

Applying that analysis to the facts of this case, the record establishes that the two claimants, Mrs. Jennings and Nicole, were both eligible. It is equally apparent that an award should be allowed since the commission found as follows: "It is undisputed that the victim, Robert Jennings, Jr., died on November 22, 1985, having been shot by a bank robber." The record shows that the crime was promptly reported to the authorities. *See* Code § 19.2-368.10.

The amount of the award pursuant to Code § 19.2-368.11:1 may not exceed $15,000, with the portion attributable to loss of earnings payable in the amount of $311 per week (two-thirds of Robert Jennings' average weekly wages). Code § 19.2-368.12(B) provides that "if there are two or more persons entitled to an award as a result of the death of a person which is a direct result of a crime, the award shall be apportioned among the claimants." Because there are two persons entitled to the award, it must be apportioned between Mrs. Jennings and Nicole. Code § 19.2-368.12(B). Because the statute provides that any award shall be made in accordance with Code § 65.1-65, each claimant would be entitled to one-half the benefits, or $155.50 each per week, not to exceed $7,500. Next, the awards must be reduced by "the amount of any payment received or *to be received* as a result of the injury." Code § 19.2-368.12(C) (emphasis added). Mrs. Jennings received payments from insurance policies totaling $20,000, so her award, which could not exceed $7,500, is reduced to zero. Nicole

Jennings is receiving social security payments of $554 per month or $127.77 per week as a result of her father's death. Her entitlement to these payments will extend until her eighteenth birthday and, if fully paid, will total approximately $75,000. We hold that the social security payments are funds to be received as a result of the injury from any other public source, as provided by Code § 19.2-368.12(C)(2). Her funds to be received from collateral sources, if fully paid, will exceed the statutory maximum and her award, not to exceed $7,500, would be reduced to zero.

We recognize that because Nicole's social security payments extend into the future and are thus subject to change, disqualification, or discontinuance, the reduction of her award is conditional upon her continued receipt of payments. But, § 19.2-368.12(C) specifically envisions such a contingency. If the social security payments were to cease before the $7,500 limit of her award is reached, she still would be entitled to the balance of an award from the Crime Victims' Compensation Fund. Code § 19.2-368.8(B) mandates annual reconsideration of awards upon which periodic payments are being made. The provision for reconsideration indicates that once the decision is made, the commission should have flexibility in implementing it. Therefore, if an award is reduced because payments are to be received in the future but those payments are never received or not received in full, the commission need not reopen or reinvestigate the case pursuant to Code § 19.2-368.8(A) to order that payments be made. It need only consider that the collateral source funds were never paid or not paid in full and that the award already entered, or the balance after reduction by collateral payments, should be paid from the Crime Victims' Compensation Fund.

We hold, therefore, that the eligibility and entitlement of Virda Jennings and Nicole to an award were established. The award must be apportioned between those entitled to the benefits. The commission properly found that any portion of an award to Mrs. Jennings had been reduced to zero because she has already received her $7,500 maximum; therefore, her award is final and may not be reconsidered. The commission erred in failing to consider an award to Nicole or in finding that Nicole was not entitled to an award. However, because the award to which Nicole is entitled is reduced on the basis of payments to be received, we remand the issue of Nicole's award to the commission with direc-

tions. Although in this instance the collateral payments expected to be received by Nicole will exceed or may already have exceeded the maximum award, payment is not always assured. Therefore, the commission must determine and make an award to Nicole. It must reduce the payments to her to zero, so long as collateral payments are expected to exceed the award and continue to be received. Finally, the commission must reconsider the award, pursuant to Code § 19.2-368.8(B), until the collateral payments equal the award or otherwise affect its payment.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Hodges, J., and Keenan, J., concurred.