COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick

GIANT FOOD, INC.
AND
LUMBERMENS MUTUAL CASUALTY COMPANY

v.   Record No. 2189-94-4                    MEMORANDUM OPINION*
                                                  PER CURIAM
MARTIN R. ROOF                                    MAY 9, 1995


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

                    (Deborah A. Farson; Jordan, Coyne & Savits, on
                    briefs), for appellants.

                    (Charles W. O'Donnell, on brief), for appellee.


     Giant Food, Inc. and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission erred in finding that (1) Martin R. Roof proved a

causal connection between his compensable July 31, 1991 injury by

accident and his October 1993 back surgery and resulting

disability; and (2) Roof's claim, filed on September 27, 1993,

was timely because employer did not file the First Report of

Accident until September 22, 1993, after the two-year statute of

limitations had run.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "The existence of contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

The medical records and reports of Dr. Robert F. Lehman, the treating physician, provide credible evidence to support the commission's finding that the July 31, 1991 injury by accident aggravated Roof's pre-existing disc condition, and that the October 1993 surgery and resulting disability were caused by this aggravation. Specifically, Dr. Lehman's August 8, 1991 notes substantiate Roof's testimony that, prior to July 31, 1991, his back pain was minor and intermittent, and that, on that date, his back and leg pain significantly increased. In his September 30, 1993 report, Dr. Lehman stated that the compensable accident

caused an aggravation of Roof's pre-existing facet abnormality. In its role as fact finder, the commission was entitled to weigh Dr. Lehman's records, and to accept his conclusion that the work-related accident aggravated Roof's pre-existing back condition and led to his surgery and resulting disability. The commission was also entitled to discount the opinion of Dr. Edward G. Alexander, an orthopedic surgeon who examined Roof at employer's request.

When an injury sustained in an industrial accident accelerates or aggravates a pre-existing condition, disability resulting therefrom is compensable. Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986). Accordingly, the commission did not err in finding that Roof proved a causal connection between his compensable July 31, 1991 accident and his October 1993 surgery and resulting disability.

## II.

The commission held that Roof's claim, filed on September 27, 1993 with respect to the July 31, 1991 accident, was timely. This conclusion was based upon the commission's finding that the employer did not file the First Report of Accident until after the two-year limitations period for filing a claim had expired.[1]

In order to toll the limitations period pursuant to Code § 65.2-602, Roof was required to prove that (1) the employer had

---

[1] The full commission did not find that estoppel applied in this case to toll the limitations period.

notice of the July 31, 1991 accident; (2) the employer failed to file the First Report of Accident as required by Code § 65.2-900; and (3) such conduct prejudiced Roof's rights with respect to filing a claim with the commission prior to the expiration of the two-year limitations period.

It was undisputed that employer had notice of the accident, and that employer did not file the First Report of Accident until after the two-year limitations period had expired. With respect to the issue of prejudice, there was no evidence that Roof ever received the Workers' Compensation Guide or other notice of his need to file a claim. If employer had filed the First Report of Accident, Roof would have received the proper notice, and he would have had the opportunity to file a timely claim. Roof and his wife testified that if they had known they were required to file a claim with the commission they would have done so in a timely manner. Based upon this record, the commission did not err in finding that the two-year limitations period was tolled until September 22, 1993.

For the reasons stated, we affirm the commission's decision.

Affirmed.

4