COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


WELLS FARGO ARMORED
AND
BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA

v.   Record No. 2577-94-3                    MEMORANDUM OPINION*
                                                  PER CURIAM
WILLIAM O. CARTER, JR.                          MAY 23, 1995


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (John C. Johnson; Monica L. Taylor; Gentry, Locke,
          Rakes & Moore, on brief), for appellants.

          (Richard M. Thomas; Rider, Thomas, Cleaveland,
          Ferris & Eakin, on brief), for appellee.



     Wells Fargo Armored and its insurer (hereinafter
collectively referred to as "employer") contend that the Workers'
Compensation Commission erred in finding that the cervical
condition of William O. Carter, Jr., was causally related to
Carter's compensable October 20, 1992 injury by accident.  Upon
reviewing the record and the briefs of the parties, we conclude
that this appeal is without merit.  Accordingly, we summarily
affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable
to the prevailing party below.  R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The
actual determination of causation is a factual finding that will

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

The commission found that Carter's cervical condition was causally related to his compensable October 20, 1992 injury by accident. Dr. J. Michael Becker, a chiropractor, began treating Carter in May 1993 upon the employer's approval. Dr. Becker attributed Carter's current cervical condition to the October 20, 1992 accident. Dr. Becker opined that the industrial accident aggravated Carter's underlying pre-existing degenerative condition. Dr. Becker's opinion constitutes credible evidence to support the commission's findings and it establishes that Carter's disability is compensable. See Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986) (industrial accident causing aggravation of pre-existing condition with resultant disability is compensable). "The existence of contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

In its role as fact finder, the commission was entitled to accept Dr. Becker's opinion, and to discount Dr. Castern's opinion. Dr. Castern did not unequivocally exclude the possibility of a causal relationship, he merely found it

2

questionable.  Moreover, the employer's argument that Dr. Becker's opinion is not credible because he is a chiropractor is without merit.  Nothing in the record proves that Dr. Becker is unqualified to render an opinion or that his opinion is not credible.  Finally, the commission was entitled to accept Carter's testimony that, although he did not seek medical treatment between October 29, 1992 and April 15, 1993, he suffered from ongoing cervical symptoms during this period.

For these reasons, we affirm the commission's decision.

Affirmed.

3