COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


KEITH W. HOBAN
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2236-94-1      JUDGE JERE M. H. WILLIS, JR.
                                            NOVEMBER 7, 1995
VIRGINIA WORKERS' COMPENSATION COMMISSION,
 DIVISION OF CRIME VICTIMS' COMPENSATION


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              DeRonda M. Short (Short, Short, Telstad &
              Kerr, P.C., on brief), for appellant.

              Cheryl A. Wilkerson, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General; John J. Beall, Jr., Senior Assistant
              Attorney General, on brief), for appellee.


        The commission denied Hoban's claim for an award under the

Crime Victims' Compensation Act, Code § 19.2-368.1, et seq.,

because it found that he contributed to the infliction of his

injuries.  Code § 19.2-368.12(C).  Hoban contends (1) that the

commission erred in failing to make specific findings of fact,

(2) that the commission's decision was not supported by credible

evidence, and (3) that the commission committed reversible error

in failing to proceed according to the analysis in Jennings v.

Victims' Compensation Fund, 5 Va. App. 536, 365 S.E.2d 241

(1988).  We disagree and affirm the decision of the commission.

        "Decisions of the commission as to questions of fact, if

supported by credible evidence are conclusive and binding on this

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Court." <u>Manassas Ice and Fuel Co. v. Farrar</u>, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). "The fact that contrary evidence may be in the record is of no consequence if there is credible evidence to support the commission's findings." <u>Russell Loungewear v. Gray</u>, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986).

On March 6, 1993, Hoban was at Greg White's birthday party. Timothy Hux, an ex-employee of Hoban's, also attended. Shortly after their arrival, Hux and Hoban became involved in a disagreement. Hoban asked Hux to take their disagreement outside. Hoban open-handedly smacked Hux in the face. Other people at the party broke up the fight.

Later in the evening, Hoban and Hux encountered one another in White's driveway. Hoban told Officer Hostler that he was standing

> outside to get some fresh air. I noticed Tim and someone else walking down the street. I hollered at him and said, "Tim, come here a minute," and I started toward them.
>
> My intentions were to tell him that there was no reason to act like this at someone's [sic] birthday party.
>
> He was standing at the end of the driveway, he didn't answer me. I tapped him on the shoulder and said, "Tim," at that time I felt a pain in my side.

Hux had stabbed Hoban. Hoban required emergency surgery to remove part of his small intestine. Hux was convicted of malicious wounding.

On July 26, 1993, Hoban filed a claim pursuant to Code

- 2 -

§ 19.2-368.1, seeking compensation for his medical bills for which he had no insurance and for his loss of income. On November 29, 1993, the Director of the Division of Crime Victims' Compensation denied Hoban's claim. He found that Hoban had contributed to the infliction of his injuries because he was involved in a mutual combat situation and he was under the influence of alcohol. Hoban requested review of the denial.

On April 8, 1994, a deputy commissioner conducted an evidentiary hearing and reported that Hoban had not contributed to the infliction of his injuries. On August 1, 1994, the director reviewed Hoban's claim and the hearing record and reaffirmed his initial denial. The director cited specifically two contradictions in Hoban's testimony. First, Hoban testified that he had one drink at the party, yet his blood alcohol level was .229% when he was admitted to the hospital. Second, Hoban told Officer Hostler, in his statement after his release from the hospital, that he approached Hux and Hux stabbed him, but at the hearing, Hoban testified that Hux bumped into him from behind and stabbed him. Both statements were contradicted by Anna Reid, who testified that she witnessed the stabbing from her living room window across the street. She testified that Hoban was walking down the driveway when two men approached him from behind. She saw one man go to a parked car and retrieve something from under the seat. He then joined Hoban and Hux. A few minutes later, she saw Hoban fall to the ground and the two men ran off.

On review, the commission affirmed the decision of the director finding that Hoban contributed to the infliction of his injuries. Code § 19.2-368.8 provides review by this Court.

Hoban first contends that the commission erred in failing to make specific findings of fact. We find no statutory requirement imposing such a duty on the commission. Code § 19.2-368.7 requires that the commission "review the record and affirm or modify the decision of the person to whom the claim was assigned." The commission performed this duty when it "affirm[ed] the Director's decision and [found] that the claimant contributed to the infliction of his injuries to the extent that no award can be entered."

Hoban next contends that the commission's decision is not supported by credible evidence. We disagree. The record discloses that although bad blood existed between Hoban and Hux, Hoban confronted Hux under circumstances involving the consumption of alcohol and intoxication, engaged in an argument with Hux, smacked Hux in the face, and later approached Hux outside and laid his hand upon Hux's shoulder. It was then that Hux stabbed Hoban. These circumstances sufficiently demonstrate an efficiently contributory chain of causation flowing from the initial confrontation to the ultimate stabbing of Hoban by Hux. This evidence supports the commission's determination.

Finally, Hoban contends that the commission failed to proceed properly in the determination of his claim. We find no

error in the commission's handling of the claim.

First, Hoban contends that the commission failed to determine his eligibility as a victim as required by Code § 19.2-368.4 and <u>Jennings v. Victims' Compensation Fund</u>, 5 Va. App. 536, 365 S.E.2d 241 (1988). We find this contention without merit. The commission's consideration of Hoban's contributory conduct as requiring denial of his claim, pursuant to Code § 19.2-368.12(C), necessarily implies a finding that he was otherwise an eligible victim under Code § 19.2-368.4.

Second, Hoban contends that because the director did not summarily grant him an award, an evidentiary hearing was required before the director's initial denial of his claim. We do not so read the statute. Although Code § 19.2-368.6(D) authorizes a summary award, it does not forbid the denial of a claim without an evidentiary hearing. Rather, the statute provides, in pertinent part:

> If [the investigator] is unable to decide the claim, upon the basis of the said papers and report, he shall order a hearing.

Furthermore, Hoban was afforded an evidentiary hearing prior to a final decision being made on his claim.

Third, Hoban contends that Code § 19.2-368.5(D) required abatement of all proceedings on his claim until the conclusion of Hux's prosecution. The statute provides for deferral of

> all proceedings under this Chapter until such time as such criminal prosecution has been concluded in the circuit court unless notification is received from the attorney for the Commonwealth that no objection is made to a continuation of the investigation and

- 5 -

determination of the claim.

Plainly, the purpose of this statute is to prevent interference in the criminal prosecution by the commission's investigation. While the record contains no express authorization by the Commonwealth's Attorney to proceedings on Hoban's claim going forward, neither does anything in the record suggest a refusal by the Commonwealth's Attorney to have the investigation proceed or that the pendency of the criminal prosecution in any way impeded the proper handling of Hoban's claim.

Furthermore, Hoban demonstrates no prejudice resulting from the commission's failure to comply with this alleged requirement. Only the director's initial denial of the claim preceded Hux's December 13, 1993 conviction. The evidentiary hearing, the director's review and reaffirmation of his decision, and the full commission's review were all conducted subsequent to Hux's conviction, taking that conviction into account. Assuming, without deciding, that the director acted contrary to the statute in making his initial decision during the pendency of Hux's criminal prosecution, nothing in the record suggests any resulting prejudice to Hoban.

For the foregoing reasons, we affirm the judgment of the commission.

Affirmed.