COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Willis and Overton
Argued at Alexandria, Virginia


IOANNIS ANASTASIS

v.        Record No. 0761-95-4    MEMORANDUM OPINION[*]
                                  BY JUDGE JOSEPH E. BAKER
C & T PAINTING COMPANY                 FEBRUARY 6, 1996
and
AETNA CASUALTY & SURETY COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION


        Craig A. Brown (Lawrence J. Pascal; Ashcraft & Gerel,
    on brief), for appellant.

        Roger S. Mackey (Law Offices of Conrad A. Fontaine,
    on brief), for appellees.


        In this appeal from a decision of the Workers' Compensation

Commission (commission), Ioannis Anastasis (claimant) presents

the sole issue of whether the commission erroneously found that

he failed to sustain his burden to show that he incurred an

injury that arose from an identifiable incident or sudden

precipitating event while employed by C & T Painting Company

(employer).  Finding no error, we affirm the commission's

decision.

        The facts referenced herein are stated in the light most

favorable to the employer, the prevailing party below.  Crisp v.

Brown's Tysons Corner Dodge, Inc., 1 Va. App 503, 504, 339 S.E.2d

916, 916 (1986).  As the parties are familiar with the facts

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

disclosed by the record, we cite only those necessary to an understanding of this opinion.

Claimant contends that on April 27, 1993, he sustained an injury when he fell on his buttocks while working for employer. At the time, he says that he was sandblasting a bridge which was to be painted. The work area where claimant testified that he fell was on a scaffold enclosed by a tarp concealing him from the view of others.

Christos Triantafillopolos (owner) testified that claimant had been working as a sandblaster on a scaffold on the day claimant asserts he fell. However, owner said that when claimant came down from the scaffold, he stated his reason for his descent was that he was tired and made no mention of a fall. The owner further testified that when claimant failed to work on the following day, he asserted that it was because his foot was tired from moving the tarp with his foot.

One of claimant's co-workers testified that on April 27, 1993, when claimant came down for lunch nothing appeared to be wrong with claimant but that later that day claimant said he had "hurt his leg or neck." The co-worker further testified that claimant said he hurt his leg while sandblasting and, because of his advanced age, he could not meet the challenge of another sandblaster who raced him to see who sandblasted faster.

On April 30, 1993, three days after the event claimant contends entitles him to compensation, he was examined by Dr.

Panayiotis Baltatzis, an internist. Dr. Baltatzis's report concerning claimant's first visit does not mention that claimant asked to be treated for a back injury. Rather, the doctor's report indicates that claimant told him that he had been pushing against the tarp for three to four hours a day.

Several months later, when seen by other doctors, claimant apparently referred to a "slip and fall" while at work.

In its opinion, the commission reviewed the medical evidence and facts related by the owner and the conflicting evidence of claimant and his witness and found that claimant had not shown by a preponderance of the evidence that he had suffered an injury by accident arising out of and in the course of his employment on April 27, 1993.

The fact that contrary evidence may be in the record is of no consequence if there is credible evidence to support the commission's finding. Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986). It is fundamental that a finding of fact made by the commission is conclusive and binding upon this Court. Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). A question raised by conflicting medical opinions is a question of fact. Id. We have reviewed the record and find there is credible evidence sufficient to support the commission's decision. Accordingly, we are bound by the finding of the commission and affirm its decision.

Affirmed.