COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


MAC CONSTRUCTION COMPANY, INC. AND
 BITUMINOUS CASUALTY CORPORATION

                                      MEMORANDUM OPINION[*]
v.   Record No. 2597-96-3                PER CURIAM
                                       MARCH 11, 1997
BOBBY G. HARRISON


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Michael F. Blair; Penn, Stuart & Eskridge,
              on brief), for appellants.

              (Gerald F. Sharp; Browning, Lamie & Sharp,
              P.C., on brief), for appellee.


     Mac Construction Company, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission (commission) erred in finding that (1)

Bobby G. Harrison (claimant) proved that his June 13, 1995 injury

by accident caused a compensable aggravation of his preexisting

back condition; and (2) the June 13, 1995 injury was not a known

and expected result of claimant's violation of the restrictions

imposed upon him by Dr. Neal A. Jewell.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.[1]

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]Employer did not appeal the commission's finding that
claimant proved that the June 13, 1995 lifting incident
constituted a compensable injury by accident.  Accordingly, this
finding is conclusive and binding on appeal.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

## I.

On September 24, 1992, claimant sustained a compensable injury by accident resulting in a herniated disc. He underwent surgery for this condition in November 1992. As of July 1993, Dr. Jewell had released claimant to return to work with restrictions prohibiting him from repetitive bending, lifting, kneeling, or squatting, continuous bending or squatting, and lifting more than thirty pounds occasionally and fifteen pounds frequently. Claimant returned to work on light duty and continued to work, with occasional layoffs unrelated to his September 1992 injury, until June 13, 1995. Claimant stated that between July 1993 and June 13, 1995, he was never free from pain in his back and leg.

On June 13, 1995, claimant and three other men were carrying a fifteen to twenty foot pipe. As they lowered the pipe, claimant felt a "sting" in his back. Claimant sought medical treatment on June 13, 1995. On June 22, 1995, claimant reported the June 13, 1995 incident to Dr. Jewell, who noted that the lifting incident resulted in acute pain. Claimant told Dr.

2

Jewell that he had not been symptom-free since 1992. Dr. Jewell excused claimant from work and eventually required that he undergo several epidural steroid injections. On September 6, 1995, Dr. Jewell noted that the June 13, 1995 accident caused an exacerbation of claimant's continuing and chronic back condition. In a September 6, 1995 letter, Dr. Jewell stated that if the June 13, 1995 accident had not occurred, claimant could have continued to work as a flagman. Dr. Jewell opined that the June 13, 1995 accident "aggravated the already present disc disease related to [claimant's] injury of September 1992." In his October 19, 1995 deposition, Dr. Jewell stated that claimant's post-June 13, 1995 disability was "directly related" to the June 13, 1995 incident and "indirectly related" to the September 24, 1992 accident. Dr. Jewell reiterated his opinion in a December 10, 1995 letter. In that letter, Dr. Jewell opined that if claimant's symptoms had continued between 1993 and 1995, then claimant's June 13, 1995 accident was an aggravation of his preexisting chronic back condition.

It is well settled that when an injury by accident accelerates or aggravates a preexisting condition, disability resulting therefrom is compensable. Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986). In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept Dr. Jewell's opinions. Dr. Jewell's opinions, coupled with claimant's testimony, provide credible

evidence to support the commission's finding that claimant proved that a new injury by accident on June 13, 1995 resulted in a compensable aggravation of claimant's preexisting back condition.

"In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II.

Claimant's testimony provides credible evidence to support the commission's finding that the pipe lifted by claimant and his three coworkers on June 13, 1995 weighed approximately 100 pounds. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Id. Based upon claimant's testimony, the commission could infer that, with all four men lifting the pipe with equal exertion, claimant's actions did not exceed Dr. Jewell's restriction prohibiting claimant from lifting more than thirty pounds. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For the reasons stated, we affirm the commission's decision.

4

<u>Affirmed.</u>