COURT OF APPEALS OF VIRGINIA

Present:    Judges Bumgardner, Frank and Humphreys
Argued by teleconference


INNER FINISH SYSTEMS, INC. AND
 FIREMENS INSURANCE COMPANY
 OF WASHINGTON, DC

                                                      MEMORANDUM OPINION[*] BY
v.       Record No.1360-05-3                    JUDGE ROBERT J. HUMPHREYS
                                                          DECEMBER 20, 2005
JONATHAN J. QUEEN


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Robert M. McAdam (Kalbaugh, Pfund, & Messersmith, on brief),
            for appellants.

            A. Thomas Lane, Jr., for appellee.


        Inner Finish Systems, Inc. ("IFS") appeals an award of temporary total disability to

Jonathan J. Queen ("Queen").  On appeal, IFS contends there was no credible evidence to

support the commission's finding that Queen's injury arose out of and in the course of his

employment.  We disagree and, therefore, affirm.

        When "considering whether credible evidence exists to support the necessary factual

findings, we view the evidence in the light most favorable to the party prevailing below."

Hercules, Inc. v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 188 (1991).  In order to prove

the existence of a compensable injury, a claimant carries the burden of proving, by a

preponderance of the evidence, A. N. Campbell & Co. v. Messenger, 171 Va. 374, 379, 199 S.E.

511, 514 (1938), (1) an "injury by accident" or occupational disease, (2) arising out of, and (3) in

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

the course of, the employment. Code § 65.2-101. "The issue whether an employee 'has suffered an impairment that constitutes a compensable [injury] is a mixed question of law and fact.'" Fairfax County Fire & Rescue Dep't v. Mottram, 263 Va. 365, 371, 559 S.E.2d 698, 701 (2002) (quoting Stenrich Group v. Jemmott, 251 Va. 186, 192, 467 S.E.2d 795, 798 (1996)). Thus, although we are bound by the commission's factual findings as long as those findings are supported by credible evidence in the record, Baskerville v. Saunders Oil Co., 1 Va. App. 188, 191, 336 S.E.2d 512, 513 (1985), the ultimate determination of whether the claimant has carried his burden of proof is subject to appellate review, see Fairfax County, 263 Va. at 371-72, 559 S.E.2d at 701 (noting that the issue of whether an employee has incurred a compensable injury "is properly subject to review by this Court").

Here, IFS contends that Queen failed to carry his burden of proving that he suffered an "injury by accident."[1] To establish the existence of an "injury by accident," a claimant must "prove an 'identifiable incident that occurs at some reasonably definite time,' which is the cause of 'an obvious sudden mechanical or structural change in the body.'" Lane Co. v. Saunders, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985) (quoting Va. Elec. Power & Co. v. Cogbill, 223 Va. 354, 356, 288 S.E.2d 485, 486 (1982)); see also Combs v. Va. Elec. & Power Co., 259 Va. 503, 508, 525 S.E.2d 278, 281 (2000). In this case, IFS contends that Queen's injury to his lower back is not compensable, reasoning that Queen did not suffer a "sudden mechanical or structural change in the body," but rather, merely experienced increased pain from the aggravation of a pre-existing condition.[2] We disagree.

---

[1] IFS does not contest that the "injury by accident," if established, arose out of and in the course of Queen's employment.

[2] The record indicates that Queen suffered a work-related back injury in 1995. The record also indicates that in 2001, Queen fell twelve to fourteen feet from a buttress while working construction.

The record indicates that, on October 31, 2003, Queen was involved in a motor vehicle accident, in a company van, after which he sought medical treatment at Rockingham Memorial Hospital.[3] Queen testified that, although he did not experience immediate pain, he went to the hospital because his back "just didn't feel right." The medical evidence shows that, after the accident, Queen did not return to work because he suffered an increase in symptoms and was diagnosed with sciatica. Thus, there is credible evidence to support a finding that the claimant proved: (1) the occurrence of an identifiable incident; (2) at a reasonably definite time; and (3) an obvious sudden mechanical change in the body. See Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986).

IFS contends, however, that the "increase in symptoms" identified by the commission—i.e., the pain in Queen's lower back and leg—is identical to the "diagnosis of sciatica." IFS concludes that the increased pain, standing alone, is insufficient to demonstrate that Queen experienced a sudden mechanical or structural change in his body. We disagree with this assertion for two reasons. First, the commission could reasonably have inferred that the violent "shaking" of the company vehicle during the accident caused a sudden mechanical or structural change in Queen's back, ultimately resulting in an increase in his back pain. Second, during his testimony, Dr. Harrison stated, "[s]ciatica refers to a pain in the leg or lower extremity having to do with *or being caused by an irritation of a nerve*." (Emphasis added.) By holding that Queen's "sciatica" was compensable, the commission could reasonably have relied upon this testimony to conclude that the October 31, 2003 accident caused an "irritation of a nerve" in Queen's back. Thus, there is credible evidence in the record to support the commission's holding that Queen suffered a sudden mechanical or structural change in his body.

---

[3] Queen testified that he was driven "back and forth left to right" when another vehicle "clipped" the truck.

IFS also argues, however, that, because there is conflicting medical evidence in the record, the commission erred in finding Queen suffered a compensable injury. Specifically, IFS notes that Queen admitted to having two previous back injuries, further observing that the MRI's from before and after the October 2003 accident demonstrated no change in Queen's diagnosis. However, "[t]he fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (internal citations omitted). Here, as discussed above, there is credible medical evidence in the record to support the commission's finding that Queen suffered an injury by accident. Accordingly, the existence of conflicting medical evidence in the record does not establish that the commission's finding constitutes reversible error.

Moreover, "[t]he fact that [Queen] may have been predisposed to back trouble does not bar [his] rights to compensation." Id. As we have noted, an injury that aggravates or accelerates a pre-existing condition, resulting in a disability, is also compensable. See id. at 94-95, 341 S.E.2d at 826 ("When an injury sustained in an industrial accident accelerates or aggravates a preexisting condition, death or disability resulting therefrom is compensable under the Workers' Compensation Act.").

Accordingly, we hold that there was credible evidence in the record supporting the commission's determination that Queen suffered a sudden mechanical or structural change during the course of the October 31, 2003 automobile accident. Thus, we affirm the commission's determination that Queen suffered an "injury by accident" arising out of and in the course of his employment with IFS.

Affirmed.