COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Bray
Argued at Norfolk, Virginia


COCHRAN CONSTRUCTION COMPANY,
NIAGARA FIRE INSURANCE COMPANY, and
FIDELITY CASUALTY COMPANY OF NEW YORK
                                    MEMORANDUM OPINION*
v.        Record No. 2524-94-1    BY JUDGE JOSEPH E. BAKER
                                       AUGUST 1, 1995
CHARLES J. MARTIN,
OMNI CONTRACTORS GROUP SELF-INSURANCE ASSOCIATION,
CITIZENS INSURANCE COMPANY OF AMERICA, and
CALIFORNIA COMPENSATION INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Steven H. Theisen (Midkiff & Hiner, P.C., on brief),
            for appellants.

            Gregory E. Camden (Robert J. Macbeth, Jr.; Rutter &
            Montagna, on brief), for appellee Charles J. Martin.

            Stephen A. Strickler (McCardell & Inman, P.L.C., on
        brief), for appellee Omni Contractors Group
        Self-Insurance Association.

            (William C. Walker; Donna White Kearney; Taylor &
            Walker, P.C., on brief), for appellees Citizens
            Insurance Company of America, and California
            Compensation Insurance Company.



    Cochran Construction Company and its insurance carriers,

Niagara Fire Insurance Company and Fidelity Casualty Company of

New York, jointly referred to herein as employer, appeal from a

decision of the Workers' Compensation Commission (commission)

that awarded compensation benefits to Charles J. Martin

(claimant).  Claimant filed an application for a hearing on

_____

        *Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

July 10, 1991, alleging a diagnosis of asbestosis made on April 10, 1991 and claimed to have been contracted in the course of and arising out of his employment with employer. Claimant contends that he is entitled to medical and permanent partial benefits for first-stage asbestosis pursuant to Code § 65.2-503.

As the parties are familiar with the record in this case, we will recite only those facts necessary for an understanding of this opinion. At a June 19, 1992 hearing, claimant testified that he was exposed to asbestos while working for employer on the Hilton School and Wythe School jobs. In addition, he said that he had worked on the Fort Eustis Army Base and Veterans' Administration Hospital jobs. He could not give the dates that he worked on any of these jobs but asserts that his last injurious exposure to asbestos was in June 1979.

Employer disclosed that claimant had been employed by the company for nine days in January 1975 and from January 12, 1978 through November 26, 1980. Claimant was also employed by employer from April 20, 1981 through June 29, 1986 and from February 3, 1987 through September 20, 1987. Claimant concedes that he has not proved by a preponderance of the evidence any injurious exposure to asbestos during the periods of employment after June 1979.

Employer contends that claimant, while in its employ, was not exposed to asbestos, or, if so, not to an extent that the exposure was the cause of any condition from which claimant

- 2 -

suffers.  Employer presents three additional questions that are rendered moot following the disposition of the foregoing issue and, therefore, need not be addressed.[1]

The medical records show that claimant's treating physician was Dr. Andrew K. Leake, III.  Claimant was seen by Dr. Leake on January 26, 1989.  After the hearing on claimant's first application, the deputy commissioner held that claimant had not proved that his condition was the first stage of asbestosis as he alleged.  The commission agreed but noted that the deputy commissioner had found that the medical evidence "suggested" claimant's condition was consistent with asbestosis, although it had not been diagnosed as such.  The commission observed further that in Dr. Leake's report "suggesting" that claimant has asbestosis, he did not place it into any category that could serve as a basis for an award.  In affirming the deputy on October 29, 1992, the commission ordered that the case be "removed from the hearing docket."

On February 14, 1994, claimant forwarded a second request to the commission to "create a new workers' compensation file to reflect the claimant's receipt of the diagnosis of compensable

---

[1]During the period claimant asserts he was exposed to asbestos while employed by employer, five different insurance companies provided compensation coverage for employer.  At oral argument, claimant conceded that the evidence does not show by a preponderance that he was injuriously exposed to asbestos after June 1979, and we find that claimant has failed to prove any liability upon appellees Omni Contractors Group Self-Insurance Association, Citizens Insurance Company of America, or California Compensation Insurance Company.

disabling asbestosis disease from Dr. Andrew K. Leake, III, on March 16, 1993, attributable to his employment with Cochran Construction Company (employer)." That letter further requested a hearing "for an adjudication of the claimant's entitlements." In that application, claimant alleged his claim was supported by Dr. Leake's March 16, 1993 office note, an April 1993 finding by Dr. Leake that claimant was 100% disabled as a result of asbestosis, and a report of a chest x-ray report taken of claimant on October 6, 1992. The commission granted claimant's request for a further hearing.

The medical evidence upon which the commission relied at the second hearing was the testimony of Dr. Leake and a laboratory report made by Dr. William F. Wheeler. Dr. Leake testified that claimant related to him that he had been exposed "for about 11 years with asbestos." Dr. Leake stated that "you can't tell the difference between asbestosis and a thousand other intersticial [sic] lung diseases without that one key phrase, exposure, and lag time." When asked to give his opinion whether claimant suffered from asbestosis, Dr. Leake's answer clearly assumed that what he had been told concerning eleven years of exposure was accurate. In fact, the record discloses that during his employment with employer, claimant's exposure to asbestos, if any, was less than two years.

The record discloses that claimant could not give the dates of his employment or when he worked on various projects for

employer. Employer's records were produced showing that between the date he was first employed and the date claimant asserts was his last date of injurious exposure was nine days in 1975 and from January 1978 to June 1979. Dr. Leake was not asked--and the record does not show--that his opinion would have been the same if the exposure had been less than eleven years or, more particularly, if for a period of only one year.

The commission therefore failed to consider the vital assumption upon which Dr. Leake's diagnosis was based: that claimant had been exposed to asbestos for eleven years. This assumption was contrary to the commission's own finding--a fact claimant does not contest and which we need not review--that claimant was "last injurious[ly] expos[ed] to the causes of asbestosis in June 1979" when the one-year job at the Wythe and Hilton schools ceased. Dr. Leake further testified that the usual exposure is five to ten years, and his diagnosis was premised upon an exposure of at least this duration.

Claimant has the burden, under Code § 65.2-400, of proving "a direct causal connection between the conditions of the work and the disease." Van Geuder v. Commonwealth, 192 Va. 548, 556, 65 S.E.2d 565, 570 (1951). "Upon appellate review, the findings of fact of the Industrial Commission will be upheld when supported by credible evidence. . . . 'Whether a disease is causally related to the employment and not causally related to other factors is such a finding of fact.'" Fairfax County v.

- 5 -

Espinola, 11 Va. App. 126, 129, 396 S.E.2d 856, 858 (1990) (citations omitted).  "However, if no credible evidence exists in support of a factual finding, the issue of sufficiency of the evidence is one of law for this Court to decide."  Spruill v. C.W. Wright Constr. Co., 8 Va. App. 330, 333, 381 S.E.2d 359, 360 (1989).  In the case before us, claimant has not met his burden of proving a causal connection between the conditions of his work for employer and his disease, and the record does not support the commission's finding that claimant contracted asbestosis in the course of or arising out of his employment with employer. Therefore, we hold that the commission's finding is not supported by credible evidence.  Accordingly, we reverse the commission's order, vacate the award, and dismiss the application.

Reversed.