COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia


MORGAN AND MORGAN CONSTRUCTION COMPANY, INC.
 AND LIBERTY MUTUAL INSURANCE COMPANY
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1084-97-3     JUDGE NELSON T. OVERTON
                                       JANUARY 27, 1998
JENNINGS FRANKLIN CONLEY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Monica L. Taylor (Melissa Amos Young; Gentry,
        Locke, Rakes & Moore, on briefs), for
        appellants.

        Mark D. Kidd (Osterhoudt, Ferguson, Natt,
        Aheron & Agee, P.C., on brief), for appellee.


     Morgan and Morgan Construction Company and Liberty Mutual
Insurance Company (employer) appeal a decision of the Workers'
Compensation Commission awarding Jennings Franklin Conley
(claimant) temporary total disability arising from an injury to
his back.  Employer claims that the commission's findings are not
supported by credible evidence.  Because the record contains
sufficient evidence to support the decision, we affirm.
     Claimant was employed on June 11, 1996 as a "job
superintendent" for Morgan and Morgan Construction Company.  On
this day, one of his duties was to shovel concrete into a ditch.
 Claimant testified that sometime during the forty minutes that
this task required, he felt a "little pull and a little strain"
in his back and pain in his legs.  He informed his supervisor,
and later his doctor, that he had hurt himself while shoveling
concrete, but he is not sure whether he mentioned the "pull."
     Dr. Eric Korsh, an orthopedic surgeon, testified that
claimant suffered a "large, right sided disc rupture."  He stated
that this kind of injury "is not something which develops
gradually" but occurs as a "sudden incident."  He stated that any
one of the shovel fulls of concrete could have caused the injury,
but he could not state definitively which one it was.
     Employer claims that two of the commission's findings of
fact were erroneous:  1) the injury resulted from a sudden,

_____
[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.


1

mechanical injury instead of cumulative trauma and 2) the injury was caused by a single, identifiable incident. "Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). The evidence is viewed in the light most favorable to claimant, the party prevailing below. See Fairfax County v. Espinola, 11 Va. App. 126, 129, 396 S.E.2d 856, 858 (1990).

So viewed, we conclude that neither of employer's arguments has merit. It is undisputed that the injury occurred while claimant was shoveling. Dr. Korsh testified that a disc rupture occurs suddenly, not gradually. The only permissible conclusion from these facts is that the accident was one of the acts of shoveling which caused a sudden, mechanical injury and disability which is, therefore, compensable. See Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1984).

It is also clear that a causal link between the incident and the injury was proven. Employer argues that because Dr. Korsh could not identify which shoveling motion caused the injury, claimant has not proven that an "identifiable incident" caused the injury. Employer's argument ignores the weight given to evidence on appeal. Claimant testified that he felt the pull at a particular time while he was shoveling. The commission was entitled to lend greater weight to claimant's testimony than that of employer's witnesses, who presented no direct evidence to the contrary. "We will not substitute our judgment for that of the trier of fact, which had an opportunity to observe the witnesses and evaluate their credibility." Dollar General Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996).

For the foregoing reasons, we conclude that the evidence is sufficient to support the commission's decision. Thus, we affirm.

                                                    Affirmed.

2