**Richmond**

OGDEN ALLIED AVIATION SERVICES

AND

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH

v.

DAVID WAYNE SHUCK

No. 1641-92-4

Decided August 2, 1994

COUNSEL

Susan A. Evans (Andrew K. Thomas; Siciliano, Ellis, Dyer & Boccarosse, on brief), for appellants.

No brief or argument for appellee.

## UPON A REHEARING EN BANC

OPINION

**COLEMAN, J.**—By opinion dated September 14, 1993, the majority of a panel of this Court affirmed the Workers' Compensation Commission's holding that David Wayne Shuck's (claimant) neck injury arose out of the course of his employment as an aircraft refueler. *Ogden Allied Aviation v. Shuck*, 17 Va. App. 53, 434 S.E.2d 921 (1993). We granted a rehearing *en banc* and stayed the mandate of that decision. Upon rehearing *en banc*, we uphold the commission's finding that claimant's neck injury arose out of his employment, and we affirm the commission's award of benefits to the claimant.

Claimant was employed with Ogden Allied Aviation Services as an aircraft refueler at Dulles Airport. Claimant's job involved connecting fuel hoses to commercial aircraft and observing the fuel gauges in the underside of the aircraft's wing to determine when the aircraft was completely fueled. On March 21, 1990, claimant looked directly overhead "in an unusual or awkward position" at the gauge of the aircraft he was refueling and heard a pop in his neck. He knew immediately that "something was wrong." Within fifteen minutes, his neck began "to tighten up." According to an emergency room report, Dr. George Kennedy diagnosed that the claimant suffered an acute cervical sprain. Dr. Kennedy prescribed physical therapy and medication for the claimant.

Relying on *County of Chesterfield v. Johnson*, 237 Va. 180, 376 S.E.2d 73 (1989), and *Plumb Rite Plumbing Service v. Barbour*, 8 Va. App. 482, 382 S.E.2d 305 (1989), the deputy commissioner denied the claim, holding that the claimant did not prove that his neck movement and the act of looking up was not "too common to the public at large to be considered a peculiar risk of his employment."

The commission reversed. It based its decision on the finding that "claimant's work requires that he tilt his head back to an angle that allows him to look directly overhead at the . . . fuel gauges . . . and to do so on a regular basis." The commission found that because this task placed the claimant in "an unusual or awkward position in which to work," the injury that the claimant received on March 21, 1990, as a consequence of performing this task in this manner caused the injury and, therefore, the injury arose out of his employment.

■ To be compensable, the claimant must prove an injury by accident. "In order to carry his burden of proving an 'injury by accident,' a claimant must prove that the *cause* of his injury was an *identifiable incident or sudden precipitating event* and that it resulted in *an obvious sudden mechanical or structural change in the body*." *Morris v. Morris*, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

■ A claimant must prove "that the conditions of the workplace or that some significant *work related exertion* caused the injury. The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." *Barbour*, 8 Va. App. at 484, 382 S.E.2d at 306 (emphasis added). *See Richmond Memorial Hosp. v. Crane*, 222 Va. 283, 285, 278 S.E.2d 877, 878-79 (1981) (claimant's injury must arise from risks peculiar to his employment or must be sustained in the course of an employment activity to which the public is not exposed).

In order to perform his job, claimant was required to perform the physical act of looking directly overhead at the fuel gauges of the aircraft. He described this action by saying, "[i]t's almost straight up and down when you have to look at the gauges . . . [t]hey're immediately over your head." He also stated, "to watch the gauges with the door panel open, you can't look at a small angle."

The act of looking up is a common occurrence that most people do daily and often. However, insofar as looking directly overhead being a requirement of claimant's employment, he described a movement far different from looking up in a way that would be commonplace to the general public. The commission found the claimant's act of looking directly overhead to have been an awk-

ward, strained act that was required as part of claimant's job. In that sense, the act of looking directly overhead was peculiar to the claimant's employment as an aircraft refueler.

The claimant proved an identifiable incident, the act of looking directly overhead in an "unusual or awkward position," causing an injury, a sudden physical change in the body. He testified that when he looked directly overhead, "[I] felt it like a pop in my neck, and . . . I knew right then that something was wrong. And after about an hour, it was pretty tight, I couldn't hardly move it."

Contrary to the employer's contention at oral argument, the majority of the panel did not, and a majority of the Court sitting *en banc* does not, uphold an award of benefits for a neck injury that resulted from repetitive trauma caused by the claimant constantly looking up and down at the gauges over a long period of time. *See Merillat Indus., Inc. v. Parks*, 246 Va. 429, 433, 436 S.E.2d 600, 602 (1993).

Credible evidence supports the commission's finding that the claimant, at the time of the injury, performed his work task in "an unusual or awkward position." As a consequence, because the injury to his neck was caused by exertion on that occasion that was peculiar to his employment, his injury arose out of his employment. Accordingly, we affirm the award of benefits.

*Affirmed.*

Koontz, J., Willis, J., Elder, J., and Fitzpatrick, J., concurred.

Moon, C.J., with whom Baker, J., Barrow, J., and Bray, J., join, dissenting.

I would reverse the commission's decision for the reasons stated in my dissent to the panel opinion. *See Ogden Allied Aviation v. Shuck*, 17 Va. App. 53, 55-57, 434 S.E.2d 921, 923-24 (1993).