COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Salem, Virginia

CORNING, INC. AND
 LUMBERMEN'S MUTUAL CASUALTY CO.
                                              OPINION BY
v.        Record No. 0076-97-3     JUDGE JOHANNA L. FITZPATRICK
                                            AUGUST 5, 1997
DONALD RAY TESTERMAN

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          James A. L. Daniel (Martha White Medley;
          Daniel, Vaughan, Medley & Smitherman, P.C.,
          on briefs), for appellants.

          James B. Feinman (James B. Feinman &
          Associates, on brief), for appellee.


     Corning, Inc. and Lumbermen's Mutual Casualty Co.

(collectively referred to as employer) appeal the decision of the

commission awarding Donald R. Testerman (claimant) temporary

total disability benefits for the period commencing August 22,

1995 and continuing through October 17, 1995.  Employer contends

that the commission erred in finding claimant's injury to be

causally connected to his employment and in failing to consider

evidence presented by an expert witness to which no objection was

raised.  For the reasons that follow, we affirm the decision of

the commission.

                              I.

     Claimant, who had been employed by Corning since 1989,

injured his back on the job on August 2, 1995.  Prior to this

accident, claimant had experienced other difficulties with his

back.  He had been injured while playing professional football

before coming to Corning.  Claimant acknowledged that he had earlier been told that he had a degenerative back condition; that he might need a fusion operation; and that as recently as April 1995, he had been treated for back problems.  However, before his August 2, 1995 injury, claimant missed no time from work due to any back problems.

The record reflects that on August 2, 1995, claimant suffered a work-related injury to his back.  Claimant described his injury as follows:

> On August 2, 1995 around 9:30 a.m., while I was in the mid-plant at Corning, I was cleaning, dusting, and moping [sic] the area . . . . I was dusting off and cleaning up around and over and under pipes in the plant. I bent down and stretched over some pipes and went to stand up and I felt a definite pull in my back and a popping sound like when you pop your knuckles.

(Emphasis added).  A co-worker took claimant to PrimeCare for treatment.  At PrimeCare, claimant was diagnosed with a back strain.  The PrimeCare records indicate that the incident was work related and that claimant could return to light work pending his appointment with Dr. Joel M. Singer (Dr. Singer), a neurosurgeon, scheduled for August 8, 1995.  Claimant had seen Dr. Singer earlier regarding back problems.

On August 8, 1995, Dr. Singer referred claimant to Dr. Lawrence F. Cohen for a second opinion and "for evaluation of his severe lower back pain and bilateral leg pain."  Dr. Cohen examined claimant.  Dr. Cohen's office notes dated August 21,

1995 reflect that "most likely that pulling injury exacerbated a pre-existing condition."  Dr. Cohen sent a letter dated March 25, 1996 to claimant's counsel regarding claimant's injury.  In it he stated that "[i]t is my opinion [claimant] had a <u>pre-existing condition</u>, isthmic spondylolisthesis on L-4, -5, which was <u>materially aggravated</u> by the incident described above. <u>Accordingly, his treatment and disability thereafter were a</u> <u>result of the material aggravation of this pre-existing</u> <u>condition.</u>"  (Emphasis added).

On March 26, 1996, employer's counsel sent Dr. Cohen a letter that included several paragraphs detailing the history of Dr. Cohen's treatment of claimant.  The letter requested Dr. Cohen to sign the statement if he agreed that it accurately described the history and treatment rendered.  The letter contained a signature line for Dr. Cohen to sign and a date line. This letter included the following paragraphs:

> 6.  Mr. Testerman has a pre-existing problem in his spinal column which has caused him back pain and discomfort off and on for a number of years.  That spinal column condition was not caused by any incident which may have occurred in August, 1995.

> \* \* \* \* \* \* \*

> 9.  In your letter of March 25, 1996 to Mr. Feinman, you used the phrase "materially aggravated by the incident described above".  That phrase was one which Mr. Feinman requested that you put in your March 25, 1996 letter and is not a phrase that is contained in your office notes or records dealing with Mr. Testerman.

> 10.  Any of the three incidents or

exacerbations which Mr. Testerman had experienced in the month prior to your seeing him on August 8, 1995 could have been the cause of the back pain which Mr. Testerman related to you when you saw him on August 8, 1995.

Dr. Cohen signed and returned this letter to employer's counsel. Both the March 25, 1996 and March 26, 1996 letters were made part of the record with no objection from either party. Neither party raised any issue as to the authenticity of the March 26, 1996 letter.

By opinion dated June 14, 1996, the deputy commissioner found as follows:

Based on the claimant's testimony and medical records, in particular the contemporaneous medical records of Dr. Cohen, we are of the opinion that though an incident may have occurred on August 2, 1995, [claimant's] subsequent treatment and disability were not related to the August 2, 1995 incident. <u>We base our opinion primarily on Dr. Cohen's agreement to the eleven statements outlined in the March 26, 1996 letter from employer's counsel to Dr. Cohen.</u>

(Emphasis added). The deputy commissioner concluded:

[W]e are of the opinion that [claimant] has not proven by a preponderance of the evidence a compensable injury arising out of and in the course of his employment on August 2, 1995, resulting in partial disability from August 22, 1995 through October 17, 1995 and resulting in medical treatment at Piedmont PrimeCare, Dr. Singer, Dr. Cohen and Dr. Bailes. The Claim for Benefits is, therefore, DENIED.

The full commission reversed the deputy commissioner and awarded claimant temporary total disability and medical benefits.

The commission found that "claimant's preexisting back condition [was] well-documented." The commission determined that claimant's condition existed at the time of his hire; that claimant had been treated for his condition on numerous occasions; and that it had not resulted in any work disability prior to the August 2, 1995 injury. The commission explained that "[t]his evidence is noted in light of the well-established rule that the employer takes the employee as he finds him with all of his predisposing weaknesses and infirmities."

Additionally, the commission compared the March 25, 1996 letter from Dr. Cohen to the letter dated March 26, 1996 from employer's counsel to Dr. Cohen. The commission made the following conclusions regarding the signature on the March 26, 1996 letter:

> There is a mark on the [signature] line, []
> no letter of the alphabet can be identified
> in this mark. Clearly, this handwriting is
> different from Dr. Cohen's legible signature
> on the correspondence from his office dated
> March 25, 1996. <u>We cannot determine from the
> record what the mark on the letter of March
> 26, 1996, is, nor who affixed it. Therefore,
> we place no probative value on this report,
> contrary to the Deputy Commissioner.</u>

(Emphasis added). Accordingly, the commission concluded that "the claimant's evidence sufficiently establishes that his preexisting condition was aggravated by an injury by accident arising out of and in the course of his employment on August 2, 1995."

In response to the commission's findings, employer filed a

petition to reopen and a motion to reconsider the commission's decision. In support of this motion, employer submitted an affidavit signed by Dr. Cohen which stated, "I definitely signed the letter on Mr. Daniel's letterhead dated March 26, 1996, the signature on that letter is definitely mine, and I signed the letter because the 11 numbered paragraphs set forth my opinions concerning [claimant] and the statements contained in those paragraphs were and are true."

The commission denied employer's motion to reconsider on January 16, 1997 for the following reasons:

> We first note that there is nothing in the Opinion to even suggest that employer's counsel obtained or was a party to filing a forged signature. Rather, the Commission merely considered that the document might have been endorsed by someone else on Dr. Cohen's office or medical staff, which raised the question of authenticity, or at least indicated that the physician himself gave it little if any thought or consideration. <u>We have considered Dr. Cohen's affidavit filed with your Motion and accept the representations included therein, which establishes that he personally reviewed and endorsed the report.</u>

> However, the evidence in this case still establishes the claim is compensable, even accepting the March 26, 1996 medical report at face value. . . .

> The uncontradicted evidence established that the claimant worked for Corning, Inc. beginning August 14, 1989. Although he had several incidents related to his pre-existing back condition after that date, he did not miss time from work because of a back injury, until after the work accident in August 1995. This was certainly a material aggravation of his pre-existing condition, as Dr. Cohen

observed in his March 25, 1996 report.[1] Moreover, on the facts of this case, we would find a material aggravation even independent of the medical evidence.

(Emphasis added).

## II.

Employer argues that claimant failed to sustain his burden of proving a compensable injury that was causally connected to the employment environment. Employer contends that the record fails to establish that claimant's ongoing back problems were caused by the August 2, 1995 incident rather than his previous

---

[1] In a March 22, 1996 deposition, Dr. Singer responded to questions asked by claimant's counsel as follows:

> Q. Dr. Singer, is it your opinion that Mr. Testerman had a preexisting disease or condition prior to August 2, 1995?
>
> A. It is.
>
> Q. Is it your opinion that this preexisting condition or disease suffered a material acceleration or aggravation as a result of the injury that he described occurring on August 2, 1995?
>
> MR DANIEL: Note my objection to the leading form of the question.
>
> A. By history he was back at work doing his job when he was moving, getting out from between pipes at work and felt a pop in his back and yes, I think the answer would have to be correct.

On re-examination by employer, Dr. Singer stated that "I had seen [claimant] on a number of occasions over the past -- since April to August, and I do not know any of these other exacerbations except for this one major one that he had at work."

career as a football player.  We disagree.

It is well established that the commission's determination of causation is a factual finding that will not be disturbed on appeal if supported by credible evidence.  See American Filtrona Co. v. Hanford, 16 Va. App. 159, 165, 428 S.E.2d 511, 515 (1993) (citing Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989)).

"To be compensable, the claimant must prove an injury by accident.  'In order to carry his burden of proving an "injury by accident," a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body.'"  Odgen Allied Aviation Servs. v. Shuck, 18 Va. App. 756, 758, 446 S.E.2d 898, 899 (1994) (quoting Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989)) (emphasis added).  "A finding that a pre-existing condition was 'accelerated or aggravated' by an injury sustained in an industrial accident establishes a causal connection between the injury and disability and the 'disability resulting therefrom is compensable under the Workers' Compensation Act.'"  Southern Iron Works Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993) (quoting Olsten of Richmond v. Leftwich, 230 Va. 317, 320, 336 S.E.2d 893, 895 (1985)).

Additionally, medical evidence is neither dispositive nor required to establish causation.  See Dollar General Store v.

Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996).
"'Medical evidence is not necessarily conclusive, but is subject
to the commission's consideration and weighing.'  The testimony
of a claimant may also be considered in determining causation,
especially where the medical testimony is inconclusive."  Id. at
176-77, 468 S.E.2d at 154 (quoting Hungerford Mechanical Corp. v.
Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991), and
citing Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App.
276, 281, 348 S.E.2d 876, 878 (1986)).[2]

In the instant case, substantial evidence supports the
commission's decision that claimant suffered an identifiable
injury on August 2, 1995 and that a causal connection existed
between the injury and claimant's employment.  It is undisputed

[2]    To appraise the true degree of
       indispensability which should be
       accorded medical testimony, it is
       first necessary to dispel the
       misconception that valid awards can
       stand only if accompanied by a
       definite medical diagnosis.  True,
       in many instances it may be
       impossible to form a judgment on
       the relation of the employment to
       the injury, or relation of the
       injury to the disability, without
       analyzing in medical terms what the
       injury or disease is.  But this is
       not invariably so.  In appropriate
       circumstances, awards may be made
       when medical evidence on these
       matters is inconclusive,
       indecisive, fragmentary,
       inconsistent, or even nonexistent.

2B Arthur Larson, The Law of Workmen's Compensation § 79.51(a)
(1996).

that claimant experienced ongoing back difficulties prior to his August 2, 1995 injury; however, none of these difficulties resulted in any disability or any time missed from work. The record clearly reflects that on August 2, 1995, while working in an awkward position, claimant suffered a sudden "pull" and "pop" in his back while he was performing work-related duties, and that soon after the injury occurred, a co-worker took claimant to PrimeCare for treatment. Dr. Cohen stated on two different occasions that claimant had a "pre-existing condition . . . which was materially aggravated by the [August 2, 1995] incident" and that this injury "exacerbated a pre-existing condition." The commission considered claimant's medical records but declined to give the letter dated March 26, 1996 or Dr. Cohen's affidavit significant weight in its determination of the causation of claimant's injury.

"In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Thus, the commission was free to attribute greater weight to claimant's testimony and to Dr. Cohen's opinion as expressed in his notes and in the March 25, 1996 letter. The fact that contrary evidence may appear in the record is of no consequence, as credible evidence supports the commission's finding. See, e.g.,

City of Norfolk v. Lillard, 15 Va. App. 424, 429-30, 424 S.E.2d 243, 246 (1992).

                                    III.

Employer next argues that the commission improperly refused to consider Dr. Cohen's March 26, 1996 letter and his later affidavit submitted by employer with its motion to reconsider. While we find no basis in the record for the commission's concern about the signature on the March 26, 1996 letter, the commission did ultimately consider the information contained therein. In the commission's response to employer's motion to reconsider, it specifically evaluated the earlier submitted March 26, 1996 letter and Dr. Cohen's affidavit. The commission stated:

> [T]he Commission merely considered that the document might have been endorsed by someone else on Dr. Cohen's office or medical staff, which raised the question of authenticity, or at least indicated that the physician himself gave it little if any thought or consideration. <u>We have considered Dr. Cohen's affidavit filed with your Motion and accept the representations included therein, which establishes that he personally reviewed and endorsed the report.</u>

(Emphasis added). Contrary to employer's contention, the commission neither disregarded nor refused to consider the affidavit or the letter at issue. Rather, the commission considered both statements and concluded that, "[h]owever, the evidence in this case <u>still establishes</u> the claim is compensable, <u>even accepting the March 26, 1996 medical report at face value.</u>" (Emphasis added). Accordingly, employer's argument is without

-11-

merit.

However, we note that while it may not be error for the commission to give little weight to a particular item of evidence, it is inherently unfair to raise the issue of the authenticity of a medical record at a time when the moving party can take no action.  Here, neither party objected to the admissibility of the March 26, 1996 letter.  The commission, of its own accord, questioned the legitimacy of this letter and "place[d] no probative value on this report."  Although upon further review, the commission cured its initial error by properly considering the evidence, we cannot say that such treatment of accepted, unobjected to, evidence would not under different circumstances, result in prejudice requiring reversal.

For the reasons stated above, we affirm the decision of the commission.

<u>Affirmed.</u>