COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Norfolk, Virginia


BASIC CONSTRUCTION COMPANY AND
 FARMINGTON CASUALTY COMPANY/
 TRAVELERS PROPERTY CASUALTY COMPANY
                                   MEMORANDUM OPINION[*] BY
v.   Record No. 2844-98-1            JUDGE RICHARD S. BRAY
                                       AUGUST 17, 1999
DEBBIE HAMILTON

         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Francis G. Marrin (Law Office of Roger S.
           Mackey, on brief), for appellants.

           John H. Klein (Montagna, Klein & Camden,
           L.L.P., on brief), for appellee.


     Basic Construction Company and Travelers Property Casualty

Company (collectively employer) appeal a decision of the

Workers' Compensation Commission (commission) awarding benefits

under the Workers' Compensation Act (Act) to Debbie Hamilton

(claimant).  Employer complains that the commission erroneously

(1) awarded claimant benefits after the deputy commissioner had

denied relief and claimant had made no timely request for

review, (2) determined that the claim was not barred by material

misrepresentations when seeking the employment, (3) found that

the injury resulted from a work-related accident, and (4)

concluded that claimant made a reasonable effort to market her

---

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

residual capacity.  Finding no error, we affirm the commission's award.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.  On appeal, we view the evidence in the light most favorable to the party prevailing below, claimant in this instance.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).  Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal.  See Rose v. Red's Hitch & Trailer Servs., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).

I.

On February 12, 1996, claimant lodged a claim with the commission seeking benefits pursuant to the Act for certain accidental injuries she suffered on August 28, 1995.  A hearing was conducted by Deputy Commissioner Wilder on April 11, 1997, and, in defense of the application, employer asserted that (1) claimant had misrepresented material facts on her employment application, (2) her injuries were not occasioned by a work-related accident, (3) she had failed to provide proper notice of the alleged incident, and (4) she had not marketed her residual capacity.  By opinion dated May 16, 1996, the deputy found that claimant had neither materially misrepresented her physical condition nor failed to report the accident to the prejudice of

employer, but, nevertheless, denied the claim, concluding that claimant had not established that the accident "caused her injury or disability."

By letter dated May 20, 1997, claimant requested the deputy to reconsider, "taking specific note" of correspondence in evidence from her treating physician, Dr. Grasinger. In response, the deputy wrote both parties on June 2, 1997:

> I have received [claimant's counsel's] May 20, 1997 request for reconsideration. In order to give the parties some certainty regarding time limitations for review requests, I am granting the request to reconsider my May 16, 1997 Opinion; however, I cannot yet rule on the merits of the claim because the file has been returned to Richmond. I have requested the file and will issue a ruling on the merits as soon as I have an opportunity to review the evidence.

After further review, the deputy resolved all issues in favor of claimant and awarded benefits by opinion issued May 20, 1998.

Employer requested review of the decision by the full commission, moving for enforcement of the deputy's original opinion and otherwise challenging the award. Employer contended that, when the deputy did not vacate his earlier ruling within twenty days, it became final pursuant to Code §§ 65.2-705, 65.2-706 and Commission Rule 3.1, thereby divesting him of jurisdiction to re-decide the claim by the May 20, 1998 opinion. In the alternative, employer asserted the defenses previously considered by the deputy. The commission concluded that the "Deputy Commissioner's June 2, 1997, letter issued within twenty

days, vacated the original opinion" and affirmed the decision of May 20, 1998, resulting in the instant appeal by employer.

                                II.

Employer acknowledges on brief that "[t]he Deputy Commissioner who has rendered an initial ruling retains jurisdiction over the claim for twenty (20) days" and "may vacate or amend [the] original opinion" within such period.  See Code § 65.2-705(A); Rule 3.1, Rules of the Workers' Compensation Commission.  However, employer contends that the deputy's June 2, 1997 response to claimant's motion to reconsider neither vacated nor amended the original decision, resulting in finality after the expiration of twenty days.  See Code § 65.2-706.  Employer's argument overlooks the deference accorded to the commission's interpretation of its orders.

"[I]t is within the commission's discretion to . . . examine the [order] of the deputy commissioner . . . to ascertain the result intended," and we will not disturb the commission's determination unless "arbitrary or capricious."  Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 130, 510 S.E.2d 255, 260-61 (1999) (en banc).  The commission determined that the deputy's correspondence to counsel, "granting the request to reconsider [the earlier] opinion" and promising to "issue a ruling on the merits" after further "review of the evidence," "in effect, vacated the original opinion."  The commission, therefore, decided that the deputy "had jurisdiction to issue the May 20, 1998,

opinion."  Our review of the record discloses ample support for the commission's interpretation of the deputy's initial disposition of claimant's request, and we decline to disturb it on appeal.

Employer next asserts that claimant is barred from benefits because she misrepresented her physical capacity by not responding to the inquiry, "Do you know of, or have you any physical disability that could or would hinder or limit your activity while working in your trade?" which appeared on her employment application.  Claimant testified that she "really overlooked" the question in issue, but would have "marked no" in response because, "[i]n [her] opinion, the three surgeries [she] had on [her] back . . . would [not] act as a limiting factor on what [she] could do as a laborer."  We recognize that

> [a]n employee's false representation in an employment application will bar a later claim for workers' compensation benefits if the employer proves that 1) the employee intentionally made a material false misrepresentation; 2) the employer relied on that misrepresentation; 3) the employer's reliance resulted in the consequent injury; and 4) there is a causal relationship between the injury in question and the misrepresentation.

Falls Church Const. Co. v. Laidler, 254 Va. 474, 477-78, 493 S.E.2d 521, 523 (1997) (citations omitted).

"The concealment of a material fact on an employment application constitutes the same misrepresentation as if the

existence of the fact were expressly denied." Id. (citations omitted).

However, the instant record discloses that claimant was under no work restrictions at the time of her employment and did not subsequently seek related medical care until after the August 28, 1995 injury. No evidence otherwise suggests that she intentionally misrepresented her physical condition to employer. Under such circumstances, the commission's finding that "employer failed to prove that [claimant] made a material misrepresentation on her employment application" is supported by the evidence.

Employer's contention that the instant claim is also barred because claimant did not provide proper notice of her work-related injury is, likewise, without merit. It is deemed sufficient notice "where a foreman or superior officer had actual knowledge of the occurrence of an accident or death within a reasonable time after the accident or death occurred and no prejudice to the employer's rights was shown." Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 138, 371 S.E.2d 828, 832 (1988) (citation omitted). Claimant's "job foreman" observed her "fall . . . on her back side . . . [and] asked her several times . . . if she felt like she needed . . . medical attention." Although claimant then responded that "she was fine" and postponed actual notification of her injury to employer, employer had knowledge of the accident, and the commission correctly concluded that no prejudice resulted from delayed reporting.

Employer next argues that claimant failed to sustain her burden of proof that the injury was causally connected to a work-related accident. "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "A finding that a pre-existing condition was accelerated or aggravated by an injury sustained in an industrial accident establishes a causal connection between the injury and the disability and the disability resulting therefrom is compensable under the Workers' Compensation Act." Corning, Inc. v. Testerman, 25 Va. App. 332, 340, 488 S.E.2d 642, 645 (1997) (citations and internal quotations omitted). "The fact that contrary evidence may appear in the record is of no consequence," provided the commission's finding is supported by credible evidence. Id. at 341, 488 S.E.2d at 646 (citation omitted).

On June 9, 1996 Dr. Grasinger, claimant's treating physician, wrote, "it is possible that [her fall] may have aggravated her underlying degenerative disc disease which had pre-existed that injury. I have no way of being certain or even probable, however, that this caused her present problem. Certainly it could have contributed to her discomfort." However, after "[r]eviewing all of the final studies and determinations," Dr. Grasinger concluded on August 12, 1996

"that [claimant's] accident of August 28, 1995, aggravated her pre-existing lumbar disc disease and, in my opinion, it is more likely than not, and therefore medically probable, that this accident had a direct causal relationship in her diminished functional capacity which remains."  Such evidence, together with other circumstances established in the record, provided sufficient support to the finding that the accident resulted in claimant's injuries.

Lastly, employer complains that the commission erroneously determined that claimant exercised reasonable efforts to market her residual capacity.  It is well settled that a disabled employee is required "to make a 'reasonable effort' to market his remaining work capacity in order to receive continued workers' compensation benefits."  National Linen Serv. v. McGuinn, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989) (citations omitted).  "[W]hat is reasonable in a given case will depend upon all the facts and circumstances," id. at 270-71, 380 S.E.2d at 33, viewed most favorably to the prevailing party, including:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting [her] job search; (5) the availability of jobs in the area suitable for the employee, considering [her] disability; and (6) any

> other matter affecting employee's capacity
> to find suitable employment.

Id. at 272, 380 S.E.2d at 34 (citations and footnotes omitted).

Here, claimant described her job search undertaken after released to light duty by Dr. Grasinger. Her efforts embraced routine searches of local classified ads and contacts with thirty-four potential employers. Such evidence supports the commission's conclusion that claimant "sufficiently marketed her residual capacity."

Accordingly, we affirm the award.

<u>Affirmed.</u>