COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


NEW RIVER CASTINGS COMPANY AND
 LIBERTY MUTUAL FIRE INSURANCE COMPANY
                                        MEMORANDUM OPINION* BY
v.    Record No. 0877-00-3              JUDGE ROBERT J. HUMPHREYS
                                          DECEMBER 12, 2000
COLLEEN M. WOOLWINE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          J. Gorman Rosenberger, Jr. (Wilson, Garbee &
          Rosenberger, on brief), for appellants.

          No brief or argument for appellee.


     New River Castings Company and its insurer appeal a

decision of the Workers' Compensation Commission awarding

Colleen M. Woolwine medical benefits for an injury sustained on

October 23, 1998.  New River contends that the commission erred

in finding that Woolwine presented sufficient evidence to prove

an injury by accident, as well as the necessary causation.  We

disagree and for the reasons that follow, affirm the

commission's decision.

     "[T]o establish an 'injury by accident,' a claimant must

prove (1) that the injury appeared suddenly at a particular time

and place and upon a particular occasion, (2) that it was caused

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

by an identifiable incident or sudden precipitating event, and (3) that it resulted in an obvious mechanical or structural change in the human body." Southern Express v. Green, 257 Va. 181, 187, 509 S.E.2d 836, 839 (1999). "[I]t is well established that the commission's determination of causation is a factual finding that will not be disturbed on appeal if supported by credible evidence." Corning, Inc. v. Testerman, 25 Va. App. 332, 339, 488 S.E.2d 642, 645 (1997).

Woolwine was employed by New River in its finishing department where she performed hand grinding. Hand grinding involved picking up a casting from a conveyor belt, quickly running a hand grinding machine over the casting, and either returning the casting to the conveyor belt or throwing it into a nearby basket.

On October 23, 1998, Woolwine was working the 8:00 a.m. to 8:00 p.m. shift.[1] Woolwine testified that near the end of her shift, she was returning a casting to the conveyor belt and "after [she] put it back on the belt [she] felt left wrist pain." She stated that she had spent a "couple of minutes" grinding the casting and was not sure exactly what happened, but thought she may have struck her wrist with the casting and bruised it. In response to the question, "you just know that

---

[1] The incident report shows the date of injury as October 24, 1998, the date that Woolwine presented to the first aid station. However, testimony during the hearing established that the actual date of injury was October 23, 1998.

before you picked up that particular casting your wrist was fine and then after you put it down your wrist was hurting," Woolwine answered "[y]eah."

Woolwine reported to the first aid station the next morning.  She testified that she told the nurse she "wasn't sure what [she] had done, but that [she] thought [she] had hurt [her wrist] grinding."  The "First Aid Report Log" from October 24, 1998 states that Woolwine checked in at 7:20 a.m. complaining of left wrist pain.  It specifically states, "c/o left wrist pain. Repetitive grinding."

Dr. Kenneth Jones, Woolwine's family physician, noted on an attending physician's report dated November 9, 1998, that he examined Woolwine that day and suspected "tendonitis vs. carpal tunnel left wrist."  The report described the incident as follows:  "Picking up a part off the line and left wrist started to hurt."  In his June 3, 1999 deposition, Dr. Jones stated that based on this history, in his opinion, "Ms. Woolwine's tendonitis was clearly a work-related injury that occurred on October 24, 1998 [sic]."

New River argues that based on the above, Woolwine failed to establish a "particular event" because of her differing accounts of when she sustained the injury.  New River argues there is no credible medical evidence to establish causation, because there is no accurate history of the incident.

The commission, with one member dissenting, found that

> the first-aid log from October 24, 1998
> clearly records [the first aid nurse's]
> <u>conclusion</u> of how the claimant injured
> herself - "repetitive grinding." . . . Dr.
> Jones's testimony, however, was clear that
> the claimant described an injury that
> occurred while she was working on a specific
> casting on October 23, 1998. . . . We are
> also not persuaded that the history recorded
> by Dr. Jones's nurse - that the claimant was
> hurt while "picking up" a part - is at odds
> with the claimant's testimony - that she was
> not certain of when she was hurt, but only
> that she hurt herself at some point while
> working on a particular casting. . . . Her
> recollection of developing wrist pain while
> grinding a particular casting, which is
> corroborated by Dr. Jones's notes and
> testimony, sufficiently describes an injury
> by accident.

We agree with the commission. The specific incident which caused the employee's sudden mechanical or bodily change must generally be viewed in the aggregate, not in its component parts.

> Although a claimant must prove a "sudden
> precipitating event" that caused the injury,
> "[t]o constitute injury by accident it is
> not necessary that there should be an
> extraordinary occurrence in or about the
> work engaged in." "Sudden" as used in this
> context means an "immediate" event that
> causes or precipitates an injury; "sudden"
> is not used here to connote an <u>unexpected</u>
> consequence. Thus, "sudden precipitating"
> event is one that "immediately" causes an
> injury, as distinguished from an injury that
> appears or occurs gradually. [Yet], an
> injury or injuries may be caused by one or
> several "sudden [or immediate] events" that
> cause the mechanical changes to occur in the
> body.

R & R Construction Corp. v. Hill*, 25 Va. App. 376, 379, 488 S.E.2d 663, 664 (1997) (citations omitted).

Here, the evidence established that Woolwine's wrist was not in pain before she picked up the particular casting, but was in pain after she placed the casting on the conveyor belt. There was no evidence that Woolwine had a history of wrist problems. Furthermore, Dr. Jones examined Woolwine and found that she suffered from tendonitis as opposed to carpal tunnel. The commission, as finder of fact, could reasonably have found on these facts that after grinding the part, Woolwine felt pain as a result of some step taken in that particular grinding process. Thus, suffering from an "identifiable incident or sudden precipitating event."

The fact that Woolwine failed to identify precisely which step in the process caused the pain does not constitute a failure to prove that an immediate or sudden event caused the wrist pain. See id. at 379-80, 488 S.E.2d at 664-65 (claimant who felt soreness in his back after lifting five to seven buckets suffered an "accident by injury," although he could not precisely identify which bucket he was lifting when he felt the pain).

Finally, New River's argument that the commission improperly relied upon Dr. Jones's evaluation because it was based on an incredible or inaccurate history is also of no consequence. First, as we have indicated above, we agree with

- 5 -

the commission that Dr. Jones's recorded history is not necessarily at odds with Woolwine's explanation of the incident. Woolwine has maintained that she felt the pain after putting the part back on the belt.  She has also been consistent in stating that she doesn't know at what point in the process the pain/injury was incurred or caused.  However, she knows that her wrist was fine when she picked up the part and began to hurt once she put it down.

Nevertheless, we have previously held that "medical evidence is neither dispositive nor required to establish causation. . . .  'The testimony of a claimant may also be considered in determining causation . . . .'"  <u>Corning</u>, 25 Va. App. at 339-40, 488 S.E.2d at 645 (citation omitted).  In this case, the commission did not rely solely on Dr. Jones's report in reaching its conclusion, but also relied on Woolwine's testimony.  Thus, we find that their finding is reasonable and supported by credible evidence.

<u>Affirmed.</u>