COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


DENNIS LEWIS
                                          MEMORANDUM OPINION* BY
v.   Record No. 1335-01-2              JUDGE ROBERT P. FRANK
                                             MARCH 5, 2002
ARBY'S OF EMPORIA AND
 TIG INDEMNITY COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Louis D. Snesil for appellant.

            Joseph F. Giordano (Thomas E. Dempsey;
            Semmes, Bowen & Semmes, on brief), for
            appellees.


     Dennis Lewis (claimant) appeals a decision of the Workers'

Compensation Commission (commission) denying his claim for

benefits.  Claimant contends the commission erred in (1) finding

his injury did not arise out of his employment where he was

injured while bent at the waist to sweep under a low counter,

and (2) failing to enter an award for temporary total disability

benefits.  Finding no error, we affirm the commission.

                          BACKGROUND

     The facts are not controverted.  Claimant was employed by

Arby's as a cook.  He defined the work as not strenuous and not

requiring much lifting.  On the evening of July 18, 1999,

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

claimant was sweeping at the restaurant when he endeavored to sweep underneath the "back line," which, according to claimant, consisted of a fifteen-foot long, waist-high counter with approximately six inches of clearance underneath. Claimant, who is 5'10" tall, testified he intermittently bent "very low" from the waist to sweep underneath the back line, over the course of about two minutes. He used a "regular broom," approximately three feet in length.

He straightened up after sweeping for about thirty seconds and felt a sharp pain in his lower back. After claimant rested for a few minutes, the pain subsided, and he was able to continue his shift. Claimant continued to work during the ensuing weeks, although he was never pain-free, and he missed occasional days from work because of back pain. Claimant ceased working in September when the pain became too intense.

The full commission affirmed the deputy commissioner's determination that claimant failed to establish a compensable injury by accident.

### ANALYSIS

On appeal, we view the evidence in the light most favorable to the party prevailing below – employer, in this instance. See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). Factual findings by the commission, supported by credible evidence, are conclusive and binding upon

- 2 -

this Court on appeal. See Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).

"In order to recover on a workers' compensation claim, a claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment." Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988) (citations omitted). "The phrase arising 'in the course of' refers to the time, place, and circumstances under which the accident occurred," while "arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).

Virginia uses the actual risk test to determine whether an injury arises out of employment. Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 63, 526 S.E.2d 295, 297 (2000). "The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). A claimant must establish "that the conditions of the workplace or . . . some significant work related exertion caused the injury." Id. Thus, "the arising out of test excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment. The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant

relationship.'"  Johnson, 237 Va. at 183-84, 376 S.E.2d at 75 (quoting United Parcel Serv. v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985)).

The commission's decision regarding this question involves a mixed question of fact and law.  Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).

Generally, simple acts of walking, bending, or turning, without other contributing environmental factors, are not risks of employment.  Southside Virginia Training Center v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000).  Claimant contends, however, that since he had to bend over to sweep under the counter, he performed his task in an "awkward position."  He cites Richard E. Brown, Inc. v. Caporaletti, 12 Va. App. 242, 402 S.E.2d 709 (1991), and Grove v. Allied Signal, Inc., 15 Va. App. 17, 421 S.E.2d 32 (1992), to support his position.

In Caporaletti, a worker had lowered a 100-pound furnace and leaned over it for approximately four to five minutes, cutting and fitting the furnace into place.  As he attempted to stand, he was injured.  This Court held that lowering the furnace and working over it for four to five minutes involved risks which were encountered solely due to the nature of the job.  Caporaletti, 12 Va. App. at 245, 402 S.E.2d at 711.  We characterized his work as involving "unusual exertion."  Id.

In Grove, a pipe-fitter was working "in a crouched position several feet off the ground" when he reached for an eight-pound

piece of pipe and ruptured a disc in his back. 15 Va. App. at 18, 421 S.E.2d at 33. Finding Grove performed his task in an "awkward position," we held, "'[t]o constitute injury by accident it is not necessary that there should be an extraordinary occurrence in or about the work engaged in.'" Id. at 21-22, 421 S.E.2d at 35 (citing Kemp v. Tidewater Kiewit, 7 Va. App. 360, 363, 373 S.E.2d 725, 726 (1988)). The evidence was sufficient "'even though the degree of exertion is usual and ordinary.'" Id. at 22, 421 S.E.2d at 35 (citing Kemp, 7 Va. App. at 363, 373 S.E.2d at 726).

Claimant also cites Ogden Allied Aviation Servs. v. Shuck, 18 Va. App. 756, 446 S.E.2d 898 (1994) (en banc), and Bassett-Walker, Inc. v. Wyatt, 26 Va. App. 87, 493 S.E.2d 384 (1997) (en banc). These cases involved injuries caused by engaging in an "awkward position" while performing work-related tasks.

In Ogden, Shuck was an aircraft refueler whose job "involved connecting fuel hoses" to aircraft and observing "fuel gauges in the underside of the aircraft's wings to determine when the aircraft was completely fueled." 18 Va. App. at 757, 446 S.E.2d at 898. On the date of the injury, Shuck looked directly overhead "in an unusual or awkward position" and heard a "pop" in his neck. Id. We held that, while "the act of looking up is a common occurrence that most people do daily," Shuck's work required looking directly overhead in "a movement

far different from looking up in a way that would be commonplace to the general public."  Id. at 758, 446 S.E.2d at 899.

Similarly, in Bassett-Walker, Wyatt's job required her to perform repetitious work in an awkward position.  Wyatt was required to perform deep knee bends with her weight on her heels and her knees not touching the floor while her "rear-end [was] lower than [her] knees" in order to re-load her knitting machine.  26 Va. App. at 91, 493 S.E.2d at 386.  She had to perform these deep knee bends approximately 200 times in each twelve-hour shift.  Id.  We held that a causal connection existed between the unique demands of operating the knitting machine and her knee injury.  Id. at 93, 493 S.E.2d at 387.

In each of these cases cited by claimant, a compensable "bending" injury was based on an "awkward position," "unusual exertion," or repetitive motion.  The facts here, however, indicate claimant bent over intermittently for two minutes to sweep under a counter, with the last incident of bending lasting approximately thirty seconds.  There was no "awkward position" or "unusual exertion."  Therefore, we believe that the facts in Ellis, 33 Va. App. 824, 537 S.E.2d 35, control.

Ellis was a truck driver who drove to various buildings and collected slotted carts filled with empty food trays.  Id. at 826, 537 S.E.2d at 36.  He injured his back when, at one of the buildings, he bent from the waist to place a tray in a slot approximately twelve inches above floor level.  Id. at 827, 537

- 6 -

S.E.2d at 36.  We held the injury did not arise out of

employment, stating:

> The action of bending was neither unusual,
> awkward, nor something that Ellis was
> required to do on a repetitive basis.  Grove
> v. Allied Signal, Inc., 15 Va. App. 17,
> 21-22, 421 S.E.2d 32, 34-35 (1992); see also
> Vint, 32 Va. App. at 65-66, 526 S.E.2d at
> 297-98.  In such cases, we have held that
> "[a]n injury resulting from merely bending
> over to do something does not arise out of
> the employment . . . [because] merely
> bending over is a risk to which the general
> public is equally exposed."  Vint, 32 Va.
> App. at 65-66, 526 S.E.2d at 297-98.

Id. at 829-30, 537 S.E.2d at 37 (footnote omitted).

Claimant's act of bending over to sweep under the counter

was neither unusual, awkward, nor strenuous, but was a risk to

which the general public is exposed.  The injury was not caused

by the workplace itself.

Because we conclude that claimant's injury did not arise

out of his employment, we do not address the issue of

disability.  We, therefore, affirm the commission's denial of

compensation.

Affirmed.