COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Benton and Kelsey
Argued by teleconference


JAUNT, INC. AND
 LIBERTY MUTUAL INSURANCE COMPANY
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1156-02-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         JANUARY 21, 2003
HAROLD E. CLEMENT, JR.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Roger L. Williams (John T. Cornett, Jr.;
            Williams & Lynch, on brief), for appellants.

            (John R. Walenten, on brief), for appellee.
            Appellee submitting on brief.


     Jaunt, Inc. (employer), contends the Workers' Compensation

Commission (commission) erred in finding that Harold E. Clement,

Jr. (claimant) sustained an injury arising out of his employment

on April 2, 2001 and that he adequately marketed his residual

capacity after the injury.  Finding no error, we affirm the

commission's decision.

                         I.  FACTS

     "'Decisions of the commission as to questions of fact, if

supported by credible evidence, are conclusive and binding on

this Court.'"  WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494

S.E.2d 147, 152 (1997) (quoting Manassas Ice & Fuel Co. v.

_____

     * Pursuant to Code § 17.1-413 this opinion is not
designated for publication.

<u>Farrar</u>, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)).
"Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." <u>Hawks v. Henrico County School Board</u>, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). "[The Workers' Compensation Act] has always required the claimant to carry the burden of proving, by a preponderance of the evidence, . . . an 'injury by accident' . . . arising out of and . . . in the course of, the employment." <u>Morris v. Morris</u>, 238 Va. 578, 584, 385 S.E.2d 858, 862 (1989). "On appeal, we view the evidence in the light most favorable to the claimant, who prevailed before the commission." <u>Allen & Rocks, Inc. v. Briggs</u>, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998) (citations omitted).

So viewed, the evidence proved that on April 2, 2001, claimant, a shuttle bus driver who provided transportation for disabled people, picked up Roy Shull (Shull) and drove him to the hospital. Shull was "tough to transport." He was confined to a wheelchair with his legs extended and surrounded by boards and pillows. When they arrived at the hospital, claimant knelt down and leaned over to unbuckle the straps holding the wheelchair and felt something "pop" in his back. Claimant stated, "I leaned over top of [Shull's] legs to unstrap the left side, and something popped and pulled in my back. Shull testified by deposition that claimant "was down on the floor and

-

he got up off the floor and that's when he hurt his back."
Claimant immediately reported the injury to his employer and
sought medical treatment the same day.

Claimant was initially diagnosed with lumbosacral strain
and given a work excuse valid through April 4, 2001. He was
released to return to work on April 5, 2001 with a five-pound
lifting restriction. On April 9, 2001 claimant was restricted
to a five-hour workday with no heavy lifting or wheelchair duty
on April 10 and April 13. A later MRI revealed a disc
herniation, and claimant was excused from all work until June 4,
2001 and later to June 15, 2001 when his treating physician,
Dr. J. Devon Lowdon, released him to restricted duty. Claimant
testified he is able to sit for only "15 to 30 minutes at a
stretch."

During claimant's periods of temporary partial disability,
he briefly worked for employer and began his own home-based
computer company. He stated he ran a computer business two
years prior to his injury, that included "computer hardware,
software and training on the internet." After his injury, he
modified this business into a "new start-up of remote back up
for computers." He invested "a significant amount of money" in
the business, purchased the software, developed a marketing
plan, bought mailing lists, learned the software and took
additional training. He had received no income from this
business at the time of the hearing.

-

The deputy commissioner found that claimant was placed in an awkward position when he tried to unstrap Mr. Shull and his "movement . . . was different from a normal bending down or rising from a squatting position without having been in any twisted position" and thus, the injury arose out of and in the course of claimant's employment. He also found claimant was totally disabled April 3, April 4 and May 21 through June 15 and partially disabled April 5 through April 13, May 18 through May 20 and June 16 through the present and continuing.

The commission, upon review, agreed.

> Testimony and medical records all confirm
> that the claimant was on his knees inside a
> van leaning over a patient in a wheelchair
> trying to buckle or unbuckle the seatbelt
> when he felt a painful pop in his back.
> This clearly rises out of the employment.
> He was in an awkward position and the injury
> was related to his working conditions.

The commission also affirmed the deputy commissioner's findings regarding the periods of disability.

> As of June 15, 2001, although Dr. Lowdon
> indicated a reduced work status, he was not
> yet "fit for office duty." The claimant
> meanwhile worked part-time for the employer
> for various periods of time, and invested
> significant amounts of energy and his own
> money into trying to start up a home-based
> computer back-up business. Lacking any
> assistance from the employer, who denied the
> claim we find that the claimant has made
> reasonable and good faith efforts to utilize
> his residual capacity.

Employer appealed that decision.

-

## II. Injury by Accident

Employer first contends the commission erred in finding claimant's accident arose out of his employment. It argues that claimant's act of bending while unstrapping his wheelchair-bound patient is not a risk of employment. The question of "[w]hether an accident arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Service v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989). An injury arises out of the employment where "[t]here is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and resulting injury." Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938). "It is well established that the commission's determination of causation is a factual finding that will not be disturbed on appeal if supported by credible evidence." Corning, Inc. v. Testerman, 25 Va. App. 332, 339, 488 S.E.2d 642, 645 (1997).

"'"In order to carry his burden of proving an 'injury by accident,' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body."'" Id. at 339, 488 S.E.2d at 645 (quoting Ogden Allied Aviation Servs. v. Shuck, 18 Va. App. 756, 758, 446

-

S.E.2d 898, 899 (1994) (quoting Morris, 238 Va. at 589, 385 S.E.2d at 865)).

"[T]he claimant, at the time of the injury, performed his work task in 'an unusual or awkward position.' As a consequence, because the injury . . . was caused by exertion on that occasion that was peculiar to his employment, his injury arose out of his employment." Shuck, 18 Va. App. at 759, 446 S.E.2d at 899-900.

In the instant case, claimant was positioned on his knees, leaning over a passenger who was confined to a wheelchair with both legs extended and surrounded by boards and pillows. He had been warned by another driver that Shull was difficult "to strap in and out" because of his unusual position in the wheelchair. Both claimant's testimony and Shull's deposition testimony support claimant's description of the injury and his unusual and awkward position when he felt the "pop" in his back. Although claimant testified that he was unbuckling the belt and Shull testified claimant was buckling the belt, the deputy commissioner accepted as true claimant's testimony. The commission found that whether claimant was "trying to buckle or unbuckle the seat belt . . . [t]his clearly arises out of employment." Claimant felt pain, reported the injury immediately and sought medical treatment that day. Credible evidence supports the commission's finding that claimant's injury arose out of his employment.

-

III.  Marketing

Employer next contends that the claimant's failure to adequately market his residual work capacity bars his receipt of benefits.  We agree with the commission that claimant "made reasonable and good faith efforts to utilize his residual capacity."

> [I]n deciding whether a partially disabled employee has made reasonable effort to find suitable employment commensurate with his abilities, the commission should consider such factors as:  (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.  The commission . . . determines which of these or other factors are more or less significant with regard to the particular case.

National Linen Service v. McGuinn, 8 Va. App. 267, 272-73, 380 S.E.2d 31, 34-35 (1989) (footnotes omitted).

"What constitutes a reasonable marketing effort depends on the facts and circumstances of each case."  Greif Cos. v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993).  Whether credible evidence exists to support a factual finding is a question of law which is properly reviewable on appeal.  See Ablola v. Holland Rd. Auto Ctr., Ltd., 11 Va. App. 181, 183, 397 S.E.2d 541, 542 (1990).

-

The medical reports support the commission's determination of the duration of claimant's periods of disability.  The commission also found that claimant operated his own computer-related business prior to his employment with Jaunt. The record contains credible evidence that while on a reduced work status, claimant worked for employer part-time.  After claimant left the part-time employment, he "invested significant amounts of energy and his own money" in his attempt to establish another computer-related business.  In view of claimant's prior business experience, part-time work, and efforts to re-establish his business, we hold that credible evidence supports the finding that "claimant has made reasonable and good faith efforts to utilize his residual capacity."  Thus, we affirm.

<u>Affirmed.</u>