COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, McCullough and Chafin
Argued at Salem, Virginia


BRENDA MARIE LARSON

                                    MEMORANDUM OPINION[*] BY

v.   Record No. 1266-13-3              JUDGE STEPHEN R. McCULLOUGH
                                     DECEMBER 17, 2013

COMMONWEALTH ASSISTED LIVING,
 L.L.C. AND GREAT AMERICAN
 ALLIANCE INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Amber H. Russo (George L. Townsend; Hammond Townsend, PLC,
> on brief), for appellant.
>
> Roberta A. Paluck (Christopher M. Kite; Lucas & Kite, PLC, on
> brief), for appellees.


Brenda Marie Larson contends that the Workers' Compensation Commission erred by concluding that she had failed to carry her burden of proving she had suffered a compensable injury by accident. She also argues that the commission erred in finding her pre-existing condition negated the causal relationship between her accident and her subsequent injuries. We find no error and affirm.

BACKGROUND

Larson was employed as a Certified Nurse's Aide at Commonwealth Assisted Living in Radford, Virginia. On September 14, 2011, she was assisting her supervisor, Sandra Buckland, with moving a resident from his wheelchair to his bed. The procedure in this situation called for Larson to get under the resident's left arm, with Buckland placing herself under the resident's

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

right arm, and together they would hoist the resident onto the bed. Buckland's foot became tangled in the wheelchair, forcing the weight of the resident onto Larson. Larson managed to prevent the resident from falling, but she hurt her back in the process. Larson described her "instant pain" as comparable to "a really bad pulled muscle."

Larson sought treatment for her back pain. The medical evidence concerning the cause of her ongoing back pain was inconclusive. Dr. John W. Knarr observed that it was "somewhat hard to tell" if Larson's symptoms were related to her lifting accident. An orthopaedic surgeon, Dr. Harlan B. Daubert, concluded that Larson's pain was "secondary to lumbar degenerative disc disease." An MRI revealed herniation and disc degeneration; however, no pre-accident MRI was available for comparison. Other treating physicians simply expressed no opinion on causation.

It may have been "somewhat hard to tell" whether Larson's back pain was related to her accident because Larson had an extensive history of back pain that long predated her accident of September 14, 2011. The highlights of some of her extensive history include medical treatment in May of 1990 for back pain following an automobile accident. She hurt her back again in March 1991, which was diagnosed as a muscle strain in her lower back. She was treated for this back pain from March through July of 1991. In January of 2001, she again was complaining of "severe pain in her lower back" and sought treatment in the emergency department. In August of 2001, she was treated again for pain including back pain. She was treated throughout 2001 for fibromyalgia and back pain, including "chronic back and leg pain." In July of 2002, she again experienced severe pain, particularly in her back. In July of 2003, Larson experienced an extended period of lower back pain lasting several weeks. A medical history in the wake of another automobile accident in 2005 mentions that she suffers from fibromyalgia and chronic pain syndrome. She reported back pain as a result of the accident. On September 8, 2011, six days before her accident, Larson went to see Dr. Knarr complaining of "trouble with her knees,

primarily the left, trouble with her hip on the left and some pain and tingling down the left leg." Dr. Knarr found that she appears to have "radicular pain or paresthesias."

The deputy commissioner entered an award in Larson's favor. The deputy commissioner "acknowledge[d] that the medical record does not reflect a specific assessment" with regard to causation. The deputy commissioner nevertheless concluded "that the accident caused her injury" based on "[t]he sudden onset of claimant's symptoms as well as her subsequent treatment course." The employer appealed to the commission. Like the deputy commissioner, the commission noted that there was no "definitive medical opinion establishing causation between the accident and [Larson's] post-accident condition." Unlike the deputy commissioner, however, the commission stated that it was "disinclined to afford [Larson's] testimony sufficient evidentiary weight to establish the necessary causal relationship between her accident and the injuries claimed" due to her "history of back problems, as well as [her] prior hip and leg symptoms." The commission ultimately concluded that Larson had "failed to sustain her burden of proof." Commissioner Marshall dissented from this holding, arguing that the commission should have given greater deference to the deputy commissioner's credibility finding.

ANALYSIS

Under settled law, the claimant bears the burden of establishing, by a preponderance of the evidence, that she sustained a compensable injury. Woody v. Mark Winkler Mgmt., Inc., 1 Va. App. 147, 150, 336 S.E.2d 518, 520 (1985). To establish that a claimant suffered an "injury by accident," the claimant must prove, "(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Chesterfield Cnty. v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990). In addition, on appeal from the

commission, "we review the evidence in the light most favorable to the prevailing party." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"The commission's determination of causation is a factual finding that will not be disturbed on appeal if supported by credible evidence." Commonwealth/Cent. Virginia Training Ctr. v. Cordle, 37 Va. App. 232, 238, 556 S.E.2d 64, 67 (2001). In determining whether credible evidence exists, the appellate court does not retry the facts or reweigh the evidence. Jules Hairstylists, Inc. v. Galanes, 1 Va. App. 64, 69, 334 S.E.2d 592, 595 (1985).

"When an injury sustained in an industrial accident accelerates or aggravates a pre-existing condition, death or disability resulting therefrom is compensable under the Workers' Compensation Act." Ohio Valley Constr. Co. v. Jackson, 230 Va. 56, 58, 334 S.E.2d 554, 555 (1985). Larson bore the burden of proving that her pre-existing condition was accelerated or aggravated by her workplace injury. See Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993) ("A finding that a pre-existing condition was 'accelerated or aggravated' by an injury sustained in an industrial accident establishes a causal connection between the injury and disability[,] and the 'disability resulting therefrom is compensable under the Workers' Compensation Act.'").

The medical evidence does not establish any conclusive link between Larson's accident on September 14, 2011, and the symptoms she experienced before and after her workplace accident. Of course, the causal link may be established through the testimony of the claimant, particularly where the medical testimony is inconclusive. Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996). Here, however, the commission did not find the claimant's testimony persuasive in light of her extensive medical history of similar symptoms before the accident. To find in the claimant's favor would require us to reweigh the evidence, something we will not do.

- 4 -

Larson attempts to analogize this case to <u>Loungewear v. Gray</u>, 2 Va. App. 90, 341 S.E.2d 824 (1986). While somewhat similar factually, the present case stands in a significantly different legal posture. In <u>Loungewear</u>, we rejected the employer's invitation to reweigh the testimony. We observed that "[i]t was the Commission's duty to weigh the evidence and determine the credibility of the witnesses." <u>Id.</u> at 93, 341 S.E.2d at 825. We concluded that since "the Commission believed [the claimant,] we must uphold that decision, even though a strong argument is made that the other witnesses were more credible." <u>Id.</u> This stands in contrast to the present case, where the commission found the claimant's testimony "unpersuasive."

Larson also relies on <u>Corning, Inc. v. Testerman</u>, 25 Va. App. 332, 488 S.E.2d 642 (1997). In that case, as in <u>Loungewear</u>, the commission found convincing the claimant's testimony and other evidence establishing that a pre-existing condition was aggravated by a workplace accident. <u>Id.</u> at 341, 488 S.E.2d at 646. In <u>Testerman,</u> we deferred to the commission's factual findings and we affirmed the commission's decision. Again, we defer to the factual judgments of the commission and to its weighing of the evidence.

CONCLUSION

The decision of the commission is affirmed.

<u>Affirmed.</u>